The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Laura K. Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The compensation carrier on the risk is Amerisure Insurance Company.
4. Plaintiff's average weekly wage was $203.00, yielding a compensation rate of $135.34.
5. Plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, the plaintiff was forty-eight years old. She began working for defendant-employer on October 9, 1990 as a Certified Nurses' Assistant, providing home health care to patients. Plaintiff continues to work for defendant-employer in this same position.
2. Plaintiff's duties as a Certified Nurses' Assistant required her to feed and bathe patients, perform light housework, adjust patients' positions in bed, feed patients, and assist patients in using the bathroom.
3. On September 2, 1991, plaintiff sustained an injury to her right forearm. Her testimony at the hearing indicated that she was unsure when or how the injury occurred.
4. On the morning of September 2, 1991, plaintiff was providing home health care to her usual patient, who was bedridden. Her first duties involved cleaning the patient after the night of sleep, washing her hands and feet, pulling her up from the foot of the bed, raising her to a sitting position and feeding her breakfast. Plaintiff then left the patient's home to go on a shopping trip to buy medical personal hygiene supplies for the patient, which she routinely did on the first of the month.
5. After plaintiff had completed the shopping, she pushed a shopping cart holding four large boxes through the parking lot. The cart tipped, and the boxes became unbalanced. Plaintiff caught the boxes with her right hand to prevent them from falling. Plaintiff experienced no pain at that time.
6. When plaintiff arrived back at the patient's home, she began noticing pain in her right hand. She continued to finish her shift for that day.
7. Plaintiff reported the onset of pain in her right hand to defendant-employer, describing its cause as moving or pulling a patient. She sought medical treatment from Dr. James Gibson on September 4, 1991, and was taken out of work for one week due to a torn tendon in her right forearm. Since that time, plaintiff has continued on a sporadic basis to work for defendant-employer and as of February 7, 1994, was released to return to work with no restrictions.
8. Since the onset of her pain in September of 1991, plaintiff has continued to receive medical treatment from a number of physicians. The medical records of every physician indicate that on September 2, 1991, plaintiff, in the normal course and scope of her employment with defendant-employer, injured her right arm while attempting to move a patient in bed. As to the incident pulling her patient, plaintiff was performing her duties in her usual and customary matter, and there was no interruption in her work routine likely to result in unexpected consequences.
9. There is insufficient medical evidence in the record from which to prove by its greater weight that plaintiff sustained an injury as a result of the accident which occurred in the parking lot involving a shopping cart.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. For an injury to be compensable under the Workers' Compensation Act, it must be shown to have resulted from an accident arising out of and in the course of employment. Perry v. BakeriesCo., 262 N.C. 272, 136 S.E.2d 643 (1964); N.C. Gen. Stat. §97-2 (6). The mere fact of an injury does not of itself establish the fact of an accident. Beamon v. Stop Shop Grocery, 27 N.C. App. 553,219 S.E.2d 508 (1975).
2. As to the incident on September 2, 1991, involving the moving of a patient, any injury to plaintiff's right forearm was not sustained as a direct result of an accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
3. Plaintiff sustained no injury as a direct result of the shopping cart accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
4. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commission and enters the following
ORDER
1. Under the law, plaintiff's claim must be and the same is HEREBY DENIED.
2. Each side shall pay its own costs.
FOR THE FULL COMMISSION
 S/ _________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CMV/cnp/mj 6/21/95