COY BIGELOW, EMPLOYEE v. TIRE SALES COMPANY, INC., EM-
PLOYER; EMPLOYERS FIRE INSURANCE COMPANY, CARRIER

No. 7115IC310

(Filed 18 August 1971)

1. Master and Servant § 55— workmen's compensation — compensable in-
jury — accident

An injury to be compensable under the Workmen's Compensation
Act must result from an accident, which is to be considered as a sepa-
rate event preceding and causing the injury, and the mere fact of
injury does not of itself establish the fact of accident. G.S. 97-1.

2. Master and Servant § 65— workmen's compensation — ruptured disc —
installing tractor tire—accident

A tire company employee who sustained a ruptured disc while he
was attempting to put a 900-pound tire on a tractor hub sustained an
"injury by accident" within the meaning of the Workmen's Compensa-
tion Act, where the position of the tractor on a hillside prevented the
employee from following his customary work routine in installing the
tire.

3. Master and Servant § 94— workmen's compensation — conflicts in the
evidence

Conflicts in the evidence are for the Industrial Commission to re-
solve.

4. Master and Servant § 65— workmen's compensation — ruptured disc —
causal relation between injury and accident

Medical expert testimony was sufficient to establish a causal re-
lationship between a tire company employee's ruptured disc and the
employee's accident which occurred while he was attempting to lift
a 900-pound tractor tire onto a tractor hub.

APPEAL by defendants from opinion and award of the
North Carolina Industrial Commission filed 18 December 1970.

This is a claim for benefits under the Workmen's Compen-
sation Act for injuries suffered by plaintiff on 6 September
1968 while in the employ of the defendant, Tire Sales Company,
Inc. The jurisdictional facts were stipulated. The case was heard
by Deputy Commissioner Thomas on 26 August 1969 and by
Commissioner Shuford on 8 June 1970. Plaintiff's evidence
tended to show: On 6 September 1968 plaintiff, then 48 years
old and who had worked for his employer for 20 years, drove
his employer's truck by himself to deliver a tractor tire to the
farm of a customer. The tire was mounted on a rim and was
inflated with approximately 110 gallons of water and as so

mounted and filled weighed approximately 900 pounds. Plaintiff lifted the tire from the truck by use of a chain hoist. He then rolled the tire about four feet to the tractor. The tractor was sitting on a hillside and the hub had been jacked up. It was necessary to lift the tire about six or seven inches to get it on the hub of the tractor. Plaintiff testified:

> "I lifted the tire from the bed of the truck down onto the ground and rolled the tire to the tractor and then leaned it and I had all my other things laying right there: a bar you run in it and slide it up on when it is on the level, lay the rim and the jack down and the wheel goes in the hub and jacks up. I couldn't do that on the hillside."

Plaintiff testified that on this occasion he put the bar under the bottom of the rubber tire by rolling the tire backwards enough to get the bar under it, and then he tried to pick up the outside end of the bar to raise the tire. When he had raised it about an inch, he felt a sharp pain in his back. It hurt so bad that he turned loose of the bar and stood there against the tire. Plaintiff testified:

> "I stood there about 15 minutes. I couldn't turn the tire and wheel aloose. I was by myself. And I went down again and it felt like something grabbing me in the bottom part of my back, just grabbed me, and I stood there about 30 minutes. I couldn't turn the tire aloose. When it got easy I went on and put the tire on. It was more like a cramp, like something pulling right in your back."

Plaintiff also testified:

> "After I got the tire that four feet over to the tractor, I had to lean it a little against the tractor. I couldn't lean it much because the tractor was leaning down the hill. All the weight come on me at one time. See, the tractor was setting on a hillside.
>
>       * * * * *
>
> "If I had turned the tire aloose and went to the truck and called for help, see, when I had turned it aloose then it would have fell on me right then. I couldn't get to the truck to the radio. See, the truck has got a two-way radio on it, and if I had turned the tire aloose and it fell on me I couldn't get to the truck and call in for help. So I just leaned up against the tire until I got easy enough. . . . "

Plaintiff reported his injury to one of his bosses on the day it occurred. He continued to experience pain, and on 9 September 1968 he was examined by Dr. Ronald A. Pruitt, a specialist in orthopedics. Dr. Pruitt treated plaintiff for the pain in his back, and when he did not improve, Dr. Pruitt on 19 October 1968 referred him to the Neurosurgical Service at Duke Hospital, where he was subsequently operated on for a ruptured disc on 24 December 1968.

The Deputy Commissioner made findings of fact, stated his conclusions of law, and made an award allowing compensation. On appeal, the full Commission adopted the findings and conclusions of the Deputy Commissioner and affirmed the award. Defendants appealed to this Court.

*Ross, Wood & Dodge by Clarence Ross for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter by Larry B. Sitton for defendant appellants.*

PARKER, Judge.

[1, 2] After twenty years of bending and lifting in service of his employer, plaintiff's back suddenly gave way when he called on it once again to strain in performance of an assigned task. In most jurisdictions this alone would have been enough to sustain an award of compensation under the Workmen's Compensation Laws. Vol. 1A, Larson's Workmen's Compensation Laws, § 38.20; 58 Am. Jur., Workmen's Compensation, § 255; 27 N.C. L.R. 599. However, under decisions of the North Carolina Supreme Court, here controlling, an injury to be compensable under our Workmen's Compensation Law, G.S. 97-1 *et seq.,* must result from an accident, which is to be considered as a separate event preceding and causing the injury, and the mere fact of injury does not of itself establish the fact of accident. *Jackson v. Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865; *Lawrence v. Mill,* 265 N.C. 329, 144 S.E. 2d 3; *Pardue v. Tire Co.,* 260 N.C. 413, 132 S.E. 2d 747; *Harding v. Thomas & Howard Co.,* 256 N.C. 427, 124 S.E. 2d 109; *Hensley v. Cooperative,* 246 N.C. 274, 98 S.E. 2d 289. The question presented by this appeal, therefore, is whether there was in this case sufficient evidence of an "accident," as that word has been defined by our Supreme Court, to sustain the finding made by the Hearing Commissioner and adopted by the full Industrial

Commission that plaintiff here sustained an "injury by accident" arising out of and in the course of his employment with the defendant employer. We think there was.

"To sustain an award of compensation in ruptured or slipped disc cases the injury to be classed as arising by accident must involve more than merely carrying on the usual and customary duties in the usual way. . . . Accident involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences." *Harding v. Thomas & Howard Co., supra.*

In *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342, claimant suffered a ruptured disc when he picked up and removed a rock from a ditch he was digging. The ditch was fourteen inches deep and only twelve inches wide. The rock weighed 50 to 100 pounds and was two feet long and the same width as the ditch. This necessitated a twisting movement on the part of claimant when he picked up the rock from the bottom of the ditch and deposited it to one side. These facts were held sufficient to distinguish the case from *Harding v. Thomas & Howard Co., supra,* and *Hensley v. Cooperative, supra,* and accordingly the award made by the Industrial Commission was sustained.

In *Davis v. Summitt*, 259 N.C. 57, 129 S.E. 2d 588, claimant suffered injury when he attempted to elevate and hold a cabinet, weighing approximately 175 pounds, in place while another employee fastened it to the wall. The task of elevating and holding the cabinet in place was usually assigned to two men, but on this occasion plaintiff was performing it by himself. Evidence of these facts was held sufficient to support the Commission's finding that claimant suffered a compensable injury by accident arising out of and in the course of his employment.

In *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175, plaintiff, who was regularly employed as a carpenter, was engaged in erecting a prefabricated chimney. The chimney was made in sections which weighed from 40 to 50 pounds each. Plaintiff had to lean over to his left to pick up the first section, and as he picked it up his body was in a twisted position. When he did so, he suffered a severe pain and was later operated on for a ruptured disc. The Industrial Commission adopted the Hearing Commissioner's finding that the plaintiff was injured

by accident arising out of and in the course of his employment and awarded compensation. On appeal the award was affirmed, the Supreme Court holding that there was competent evidence to support the Commission's crucial findings.

In *Edwards v. Publishing Co.*, 227 N.C. 184, 41 S.E. 2d 592, plaintiff was required to lift a plate weighing between 40 and 50 pounds from the floor and hand it to the pressman to his right, "kind of twisting." When he did so, he felt a severe pain in the lower part of his back. His condition was subsequently diagnosed as a ruptured disc. The Industrial Commission found that plaintiff had sustained an injury by accident and awarded compensation. On appeal the Supreme Court, in an opinion by Devin, J., (later C.J.) said:

> "The question here presented is whether, taking into consideration all the circumstances connected with plaintiff's claim, the rupture of his intervertebral disc occurred on 3 February, 1945, and, if so, whether it was the result of such an unlooked for and untoward event, produced by lifting the plate and handing it to another in a 'twisted' position as described by the plaintiff, as to come within the definition of an injury by accident, and hence to furnish the basis for an award of compensation under the remedial provisions of the Act. The Industrial Commission has so found and the Superior Court has affirmed.

> "This ruling must be upheld. The evidence of the sudden and unexpected displacement of the plaintiff's intervertebral disc under the strain of lifting and turning as described lends support to the conclusion that the injury complained of should be regarded as falling within the category of accident, rather than as the result of inherent weakness, or as being one of the ordinary and expected incidents of the employment."

[2] In the present case, the fact that the tractor was on a hillside prevented plaintiff from following the procedures which he would normally follow if the tractor had been on a level. For the same reason, he was unable to "turn the tire aloose" to go call for help, because had he done so the 900-pound tire "would have fell on (him) right then." In our opinion, these circumstances involved such an "interruption of the work routine and the introduction thereby of unusual conditions likely to

result in unexpected consequences," *Harding v. Thomas & Howard Co., supra,* as to furnish sufficient evidence to sustain the Commission's finding that plaintiff's injury was sustained "by accident."

[3] Appellants stress those portions of plaintiff's testimony, particularly elicited on cross-examination, in which he said there "was nothing unusual about the way I was putting the tire on," and in which he referred to the procedure he followed as "the way I always do it; there ain't no other way." However, there was also evidence that plaintiff had a speech impediment and was very difficult to understand, that he quit school when he was in the third grade, and that he did not know what the word "unusual" means. In any event, conflicts in the evidence were for the Industrial Commission to resolve. The Hearing Commissioner, who heard the testimony and observed the witnesses, has resolved the conflicts in plaintiff's favor. The only question for this Court on appeal is whether there was sufficient evidence to support the Commission's findings, not whether different findings might have been made. "The Court does not weigh the evidence. That is the function of the Commission. If there is any evidence of substance which directly, or by reasonable inference, tends to support the findings, the courts are bound by them, 'even though there is evidence that would have supported a finding to the contrary.'" *Keller v. Wiring Co., supra.* In our opinion there was in this case sufficient evidence to support the Commission's finding that plaintiff sustained an "injury by accident," as that phrase has been defined and applied in similar cases by our Supreme Court.

[4] Defendants also complain that there was insufficient competent medical testimony to establish a causal relationship between the accident and plaintiff's ruptured disc. On the day of the accident, plaintiff reported his injury to his boss. Three days after the accident, he consulted a physician and told the doctor what had happened. The doctor testified from his personal examination and treatment of the plaintiff that he found that plaintiff had "a preexisting condition of degenerative disc of the back in the lumbar spine," that in his opinion this condition was aggravated as a result of his injury in his work, and that the aggravation was of such severity that it required surgical correction. The surgeon who performed the operation testified that plaintiff told him that he had low back and bilateral

leg pain and that this came on at a specific time when he was at work, lifting a heavy tire. The surgeon also testified that he found plaintiff had four herniated discs, and that "everybody at his age has some back trouble to a certain degree and he probably has had degenerative disc disease for several years, but as frequently as the case is, this is markedly aggravated by some heavy lifting or twisting of the back which makes it worse." While defendants' objection to a portion of this evidence was sustained by the Hearing Commissioner, the doctor's answers appear in the record and in our opinion the evidence was competent. It was based on the doctor's own examination and treatment of the patient. In our opinion the evidence was sufficient to support the Commission's finding of a causal relationship between the accident and plaintiff's injury and resulting disability. See: *Soles v. Farm Equipment Co.*, 8 N.C. App. 658, 175 S.E. 2d 339.

The award of the Industrial Commission in this case is

Affirmed.

Judges BRITT and MORRIS concur.