CLARENCE A. GARMON, Plaintiff v. TRIDAIR INDUSTRIES, INC.,
    Employer; and TRANSPORT INSURANCE COMPANY, Carrier,
    Defendants

No. 7226IC305

(Filed 24 May 1972)

1. Master and Servant § 65— workmen's compensation — performance
    of regular work in customary manner — accident
        There was sufficient evidence to support the Industrial Commis-
    sion's determination that plaintiff, whose job included assembling
    hydraulic pipes and placing them on steel frames, was performing his
    regular work in his usual and customary manner when he suffered a
    back injury while attempting to lift a 150 pound brace over some
    cables in order to bring a steel frame into his work area, and that
    plaintiff therefore did not sustain an injury by accident within the
    meaning of G.S. 97-2(6).

2. Master and Servant § 90— workmen's compensation — absence of
    finding by hearing commissioner — authority of Full Commission to
    make finding
        The fact that the hearing commissioner made no finding with
    reference to whether plaintiff failed to give written notice of an
    alleged accident to the employer in compliance with G.S. 97-22 does
    not preclude such finding by the Full Commission.

3. Master and Servant § 90— workmen's compensation — failure to give
    timely notice to employer — reasonable excuse
        The evidence supported the Industrial Commission's finding that
    plaintiff failed to provide a reasonable excuse to justify his failure
    to give written notice to the employer within 30 days of the accident
    as required by G.S. 97-22, such notice having been given nearly three
    months after the alleged accident and more than a month after he was
    discharged from the hospital.

APPEAL by plaintiff from award and opinion of the North
Carolina Industrial Commission dated 15 November 1971.

Plaintiff appeals an award of the Industrial Commission
denying his claim for temporary total disability, permanent
partial disability, and medical expenses resulting from an
alleged industrial accident occurring on 28 January 1970.

The evidence tended to show: Plaintiff was an employee
of defendant employer and his duties included assembling
hydraulic pipes and putting them on steel frames. On the day
of the injury he had attempted to bring one of the frames into
his work area with a forklift. In order to move the frame, it
was necessary to move a stand or scotch weighing about 150

pounds over some cables. He propped his knees against the stand and attempted to lift it over the cables and when he lifted up he felt a pain in his back. The Industrial Commission found that plaintiff was lifting the stand in the manner described but concluded as a matter of law that this was the performance of his normal duties in the usual manner and did not constitute an accident. The commission also found that plaintiff did not comply with G.S. 97-22 in that he failed to give written notice of the accident within thirty days.

*S. Dean Hamrick for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman by Edgar Love III for defendants appellees.*

BRITT, Judge.

[1]   Plaintiff alleges error in the conclusion of law that he did not sustain an injury by accident as defined by G.S. 97-2(6), contending that the conclusion is not consistent with the findings of fact and the evidence. We do not agree with this contention. The question presented by the contention is whether there was evidence in the record to support the finding made by the commission that plaintiff had not sustained an injury by accident. The court does not weigh the evidence as this would invade the province and function of the commission. "If there is any evidence of substance which directly, or by reasonable inference, tends to support the findings, the courts are bound by them, 'even though there is evidence that would have supported a finding to the contrary.' *Keller v. Wiring Co., supra.*" *Bigelow v. Tire Sales Co.,* 12 N.C. App. 220, 225, 182 S.E. 2d 856, 860 (1971).

The commission found as a fact, from competent evidence, without objection by plaintiff that he was "performing his usual and customary duties for the defendant employer. . . . Plaintiff placed his knees against the stand to lift same and move it over, beyond the welding cables and as he lifted the stand, he felt a sharp pain in his back."

From this finding the commission concluded that the only unusual occurrence was that plaintiff felt a pain in his back. In *Bigelow, supra,* the court held that in order to have a compensable accident, there must be interruption of the work routine and the introduction of unusual conditions likely to result

in unexpected consequences. There was no showing of such circumstances or interruption of the work routine here; there-fore, the conclusion of law by the commission that plaintiff did not sustain an injury by accident is fully supported by com-petent evidence and as such will not be disturbed on appeal.

[2] Plaintiff also contends there is error in the conclusion of law by the full commission, absent any finding by the hear-ing commissioner, that plaintiff failed to give written notice of the alleged accident to the employer in compliance with G.S. 97-22. The fact that no reference was made to this point by the hearing commissioner does not preclude such finding by the full commission. The Industrial Commission has authority to review, modify, adopt, or reject findings of a hearing com-missioner and may *ex mero motu* strike out a finding of the hearing commissioner and his conclusion of law based thereon in order to make the record comply with the law, even though there is no exception to the finding or conclusion. *Brewer v. Trucking Co.,* 256 N.C. 175, 123 S.E. 2d 608 (1962) ; *Petty v. Associated Transport,* 4 N.C. App. 361, 167 S.E. 2d 38 (1969), rev'd on other grounds, 276 N.C. 417, 173 S.E. 2d 321 (1970) ; G.S. 97-85. Therefore, the proposition becomes one of whether there is evidence to support such a finding by the commission.

[3] G.S. 97-22 calls for written notice and provides in part: "(B)ut no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death *unless reasonable excuse is made to the satis-faction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.*" (Emphasis ours.) Plaintiff tendered in-capacity as the excuse for not filing written notice, yet it was 20 April 1970 before he filed the notice—nearly three months after the alleged accident and more than a month after he was discharged from the hospital. The extent of plaintiff's inca-pacity is indicated by his statement that "I wasn't able to get around much at that time." The evidence is plenary to sub-stantiate the commission's finding that no written notice was filed in the time required and that plaintiff has failed to pro-vide a reasonable excuse to justify the lateness of the notice. In addition the record is devoid of any showing by plaintiff that the employer was not prejudiced by plaintiff's failure to

comply with G.S. 97-22. For these reasons the relevant find-ings of fact and conclusions of law are upheld.

The order and award of the full commission is

Affirmed.

Judges CAMPBELL and GRAHAM concur.