The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
Defendant moved the Full Commission to dismiss plaintiff's appeal pursuant to North Carolina Industrial Commission Rule 701 on the grounds that plaintiff failed to file a Form 44 or brief. The Commission, in its discretion, waives Industrial Commission Rule 701 regarding the timely filing of the Form 44 and briefs and instead decides this matter based on a review of the Deputy's Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 14 January 1994, the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant.
3. Comp Source was the servicing agent for the self-insured employer.
4. An Industrial Commission Form 22, Wage Chart, is stipulated into evidence.
5. A set of plaintiff's medical records, consisting of records from Southeastern General Hospital, SGH Acute Care Hospital, Dr. Lloyd McCaskill, Dr. David Fedder, Scotland Memorial Hospital, Dr. J.E. Dunlap and Harvey C. Schultz, Jr., D.C., are stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-three years old and married. She completed the twelfth grade of high school and had attended community college for three months. Plaintiff's work history consisted primarily of employment as a sewer.
2. Plaintiff began her employment with defendant in August 1991 as a sewer. Her job duties included sewing collars and labels on shirts.
3. On 14 January 1994, plaintiff reported to work and began performing her usual duties as a sewer which she performed in a seated position. While performing her regular duties, plaintiff reached to her right side to pick up a bundle of shirts containing twenty-four shirts. The bundle of shirts weighed approximately twenty-five pounds. When she reached with her right hand to pick up the bundle, she felt a sharp pain in the right side of her chest, just above her breast. At approximately 12:00 noon, plaintiff informed her supervisor, Ms. Locklear, that she thought she had hurt herself.
4. Although plaintiff's chest pain did not abate, she continued working, performing her usual duties, until 17 January 1994 when she sought medical treatment from Dr. Lloyd C. McCaskill, at Lumber River Medical Associates. Dr. McCaskill released plaintiff to return to work on 19 January 1994. On 24 January 1994, plaintiff presented to Dr. Jack Erwyn Dunlap. On that date, Dr. Dunlap excused plaintiff from work for one week and instructed plaintiff to return for re-evaluation in one week.
5. Plaintiff did not return to Dr. Dunlap as scheduled and she did not seek additional medical treatment from Dr. Dunlap, or any other physician, until 3 March 1995. On that date, plaintiff informed Dr. Dunlap that she was unable to work and he excused her from work for two additional weeks. When Dr. Dunlap evaluated plaintiff on 17 March 1994, he released her to return to work.
6. On 13 August 1993, plaintiff was involved in an automobile collision. Following the collision, plaintiff presented to and received treatment from Harvey C. Schultz, Jr., D.C. Dr. Schultz continued treating plaintiff through June 1994 for cervical/thoracic myofascial pain which she sustained as a result of the 13 August 1993 collision. Plaintiff also received treatment from Dr. David P. Fedder for the injuries she sustained in the collision.
7. Dr. Dunlap diagnosed plaintiff as having traumatic myofascitis as a result of an injury to the muscles in the area of her rhomboids. Dr. Dunlap did not know that plaintiff had sustained injuries in an automobile accident on 13 August 1993 or that Dr. Schultz continued to treat her for those injuries through 17 March 1994, the date Dr. Dunlap last treated plaintiff.
8. Plaintiff sustained no permanent disability as a result of the incident on 14 January 1994.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant on 14 January 1994. N.C. Gen. Stat. § 97-2 (6). The Workers' Compensation Act does not provide compensation for all injuries, only for injuries by accident.O'Mary v. Land Clearing Corp., 261 N.C. 508, 135 S.E.2d 193
(1964). The mere fact of injury does not of itself establish the fact of an accident. Bigelow v. Tire Sales Co., 12 N.C. App. 220,182 S.E.2d 856 (1971). The accident must be a separate event which precedes and causes the injury. Davis v. Raleigh RentalCenter, 58 N.C. App. 113, 292 S.E.2d 763 (1982). An "accident" within the meaning of the Act is an unusual and unexpected or fortuitous occurrence. Smith v. Cabarrus Creamery Co., 217 N.C. 468,8 S.E.2d 231 (1940). An injury which results from the performance of the employee's usual work routine in the customary manner is not compensable. Id. Plaintiff's injury to her right chest on 14 January 1994 occurred while she was performing her regular work duties in her usual and customary manner.
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp