The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the items contained in the Pre-trial Agreement which is incorporated by reference as if fully set out herein and which was entered into by the parties prior to the hearing before Deputy Commissioner Shuping on 25 April 1995, and where they agreed to a number of jurisdictional and other factual stipulations.
* * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an unemployed, thirty-one year old single male, who has unsuccessfully sought employment since being terminated from defendant's employ in September of 1994 and is currently receiving unemployment benefits. He is a high school graduate, took electrical engineering courses at Halifax Community College as well as a respiratory therapist courses at Edgecombe Community College and became a certified aircraft mechanic while serving in the Air Force. His prior work experience has included being a meter reader for Con Ed, a driver for Airborne Express and working in a mail room.
2. In February of 1992 plaintiff became employed by defendant-Food Lion, Inc. as a part-time stocker, working twenty-five to thirty-five (25 to 35) hours a week, and in the same capacity was not only responsible for moving freight about the warehouse as well as unloading trucks; but had to meet a production quota of putting up fifty(50) cases of freight per hour.
3. As part of his duly assigned ordinary employment duties as a part-time stocker at the time in question on 1 July 1994 plaintiff was involved in unloading a truck load of freight with one of the premise's full-time stockers, Tony Roberts. The freight to be unloaded was stacked on pallets ranging from as little as one hundred (100) pounds in the case of paper goods to other freight weighing more than five hundred (500) pounds and they used pallet jacks to pull the freight off the truck.
4. Initially they were taking the pallets off the truck individually until plaintiff injured his knee. Although it did require a lot of exertion to get one of the heavy pallets of freights moving; plaintiff had been required to take pallets off his trucks before as part of his regular job.
5. In the process of using a pallet jack to pull a pallet of freight off the truck weighing in excess of five hundred (500) pounds plaintiff sustained the right knee injury for which compensation is claimed. Plaintiff's injury, however, was not the result of an interruption of his normal work routine. Plaintiff was one of the premise's part-time stockers and responsible for unloading trucks. This required plaintiff to use a pallet jack in a similar manner as when he injured his knee to unload them. This incident was also not some new circumstance not a part of that routine; in that, he adopted his customary manner and method of doing so by using a pallet jack to individually pull pallet loads of freight off the same truck and, although it may have required a lot of effort to do so, he was accustomed to individually pulling pallet loads of merchandise off the trucks by a pallet jack in the process unloading them as part of his regular duties as one of the premise's part-time stockers.
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
On 1 July 1994 plaintiff sustained an injury arising out of and in the course of his employment resulting in the disabling right knee injury for which compensation is claimed. However, the same injury was not the result of an accident and absent an accident the Workers' Compensation Act does not provide compensation for injury. In order to have a compensable accident in cases not involving back injuries or hernias there must be an interruption of the normal routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.Thurman v. TriDare Industries, 14 N.C. App. 574, 188 S.E.2d 523
(1972). "Injury" and "Accident" do not mean the same thing and an injury does not occur by accident if the employee at the time, as he was in the instant case, was merely carrying out his usual and customary duties in the usual way. Russell v. Yarns,18 N.C. App. 249, 196 S.E.2d 571 (1973).
* * * * * * * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
S/ ________________________ J. RANDOLPH WARD COMMISSIONER