The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff was employed by defendant-employer on July 7, 1994, the date of the alleged injury.
2. Michigan Mutual Insurance Company was the carrier on the risk on July 7, 1994.
3. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act on July 7, 1994, defendant-employer employing the requisite number of employees to be bound under the provisions of said Act.
4. Plaintiff's average weekly wage with defendant-employer on July 7, 1994 was $191.33.
5. Plaintiff's medical records and her recorded statement to the adjuster were stipulated into evidence.
6. Plaintiff worked for defendant-employer through July 22, 1994 without any loss of wages.
7. Industrial Commission Forms 18, 33 and 33R, as contained in the Commission's file, were stipulated into evidence.
8. The issues to be decided at the hearing were (1) whether the alleged incident of July 7, 1994 was an accident within the meaning of the Workers' Compensation Act, (2) if so, whether that incident resulted in any injury, and (3) if so, the extent to which plaintiff is entitled to workers' compensation benefits.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an unemployed, 54 year old married female, who did not have an antecedent history of problems with her dominant right upper extremity before July 7, 1994. She quit school in the tenth grade and has not since received any type of further formal education or training. Prior to becoming employed by defendant Arnold's Drive-In, plaintiff had operated a grill herself for three years.
2. When injured she had been working at defendant-employer's restaurant for five or six weeks and was responsible for cooking and cleaning there. As part of the same duties on at least an every other day basis — if not daily — plaintiff was required to fill up a four-gallon stainless steel pot with water in the premises sink and then lift and carry the water-filled pot by its handles to the grill less than 10 feet away to heat the water for tea.
3. In the process of carrying the same stainless steel pot of water to the grill to make tea on the date in question, plaintiff experienced an acute onset of pain in her dominant right upper extremity and thereby the disabling right shoulder and arm injury giving rise hereto. Plaintiff's injury, however, was not a result of an interruption of her normal work routine, which involved responsibility for making tea requiring her to lift and carry the same heavy pot of water on at least an every other day basis, or the introduction of some new circumstance not a part of that routine; in that, in lifting and carrying the pot of water on this occasion plaintiff adopted her customary manner of carrying the pot by its handles in a curled position with her palms up.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
On July 7, 1994 plaintiff sustained an injury arising out of and in the course of her employment. However, the same injury was not the result of an accident as contemplated by the North Carolina Workers' Compensation Act and absent an accident the North Carolina Workers' Compensation Act does not provide compensation for injury. In order to have a compensable accident in cases not involving back injuries or hernias, there must be an interruption of the normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Garmon vs. Tridair Industries,14 N.C. App. 574, 188 S.E.2d 523 (1972). "Injury" and "accident" do not mean the same thing, and an injury does not occur by accident if the employee at the time, as in the instant case, was merely carrying out her usual and customary duties in the usual way. Russell vs. Yarns, 18 N.C. App. 249,196 S.E.2d 571 (1973).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ RANDY WARD COMMISSIONER
LKM/bjp