The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
 ***********
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on or about April 18, 1995.
3. CompSource, Inc. was the carrier on the risk on April 18, 1995.
4. The plaintiff's average weekly wage was $220.00, yielding a compensation rate of $145.20.
5. The date of the asserted injury by accident is April 18, 1995.
6. The parties stipulated to the plaintiff's medical records from the Carolina Hand Center, Mercy Medical Group, and Metrolina Orthopaedic Sports Science Center.
7. The parties stipulated to the plaintiff's employment records as follows: a) application; b) tax employment eligibility forms; c) orientation checklist; d) nurse assistant orientation skills checklist; e) Gaston College corporate community education form; f) employee information change forms; g) employee pay status report; h) CNA assignment sheets; i) personal action form; j) exit interview; and k) job description.
8. The issues for determination are:
 a) Whether the plaintiff sustained a compensable injury by accident arising out of and in the course of her employment?
 b) Is the plaintiff entitled to any benefits under the North Carolina Workers' Compensation Act?
 ***********
Based upon all of the competent, credible, and convincing evidence adduced from the record, the undersigned make the following additional
 FINDINGS OF FACT
1. At the time of the initial hearing, the plaintiff-employee was 65 years old and had completed the 10th grade. The plaintiff-employee had prior work history as a beautician.
2. On April 18, 1995, the plaintiff-employee was employed by the defendant-employer as a certified nursing assistant trainee. The plaintiff-employee's duties included lifting patients in the defendant-employer's facility from their beds into chairs for feeding and bathing.
3. On April 18, 1995, the plaintiff-employee, as a part of her normal, usual, and customary work duties, lifted a patient in the defendant-employer's facility to place her in a wheelchair for feeding. While doing so, she heard a pop in one or both of her arms. Nothing unusual or untoward occurred during the lift which would differentiate it from any other lift plaintiff generally performed.
4. The plaintiff-employee immediately notified the head nurse, Elaine Moody, who took the plaintiff-employee to the doctor.
5. The plaintiff-employee sought treatment with Dr. Robert Hinkle at Mercy Medical Group. Dr. Hinkle diagnosed the plaintiff-employee with a sprained right wrist. The plaintiff-employee was placed on light duty and returned to work for the defendant-employer on light duty on April 19, 1995.
6. On June 15, 1995, the plaintiff-employee presented to Dr. Stephen Naso, a hand surgeon. The plaintiff-employee reported that she injured herself on April 18, 1995, when she felt a pull in her right hand and left upper arm while picking up a patient at work. Dr. Naso did not write the plaintiff-employee out of work, but restricted the plaintiff-employee from excessive lifting.
7. At the initial hearing, the plaintiff-employee testified that she injured her right hand and left shoulder when she lifted a "paralyzed" patient and the patient twisted such that the plaintiff-employee had to hold onto the patient so as not to drop her. Neither the incident report nor the Industrial Commission Form 19 mention that the patient twisted or slipped causing the plaintiff-employee to injure her right wrist or left arm. Moreover, the plaintiff-employee never reported to Dr. Hinkle or to Dr. Naso that the patient twisted and started to slip when the plaintiff-employee lifted her. Accordingly, plaintiff's account at the hearing is not accepted as credible or convincing to the undersigned nor was it considered credible by the deputy commissioner.
8. On December 14, 1995, the plaintiff-employee presented to Dr. Joseph J. Estwanik, an orthopedist, and reported for the first time that her injury was caused by the patient "slipping" when the plaintiff-employee tried to lift her.
9. The plaintiff-employee injured her right wrist/hand or left arm while lifting a patient as a part of her normal, usual and customary work duties. Plaintiff's subsequent accounting of an "accident" is not accepted as credible or convincing.
10. The plaintiff-employee was terminated from her employment with defendant-employer on May 16, 1995 for falsifying vital statistics documents. The plaintiff-employee's termination was unrelated to the injury sustained on April 18, 1995.
 **********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
 CONCLUSIONS OF LAW
1. The plaintiff bears the burden of proving every element to establish that she has sustained a compensable injury under the North Carolina Workers' Compensation Act. The mere fact of an injury does not of itself establish the fact of an "accident".Bigelow v. Tire Sales, Co., 12 N.C. App. 220,182 S.E.2d 856 (1971). An injury which results from the performance of the employee's usual work routine in the customary manner is not compensable. Smith v. Cabarrus Creamery, Co.,217 N.C. App. 468, 8 S.E.2d 231 (1940).
2. In the present case, there is no competent, credible or convincing evidence in the record that the plaintiff sustained an injury by "accident" in the course of her employment with the defendant-employer on April 18, 1995. N.C.G.S. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 ORDER
1. The plaintiff's claim is and under the law must be DENIED.
2. Each side shall pay its own costs.
 ***********
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of December, 1998.
 S/ _______________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
JHB:kws