The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. As the parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives, the Full Commission hereby adopts the Opinion and Award of the Deputy Commissioner with the addition of Conclusion of Law No. 2.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, at the hearing before the Deputy Commissioner and by post-hearing agreement as:
 STIPULATIONS
1. On the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Travelers Insurance Company was the workers' compensation insurance carrier on the risk.
4. Plaintiff's average weekly wage is to be determined from the Form 22, Wage Chart prepared by defendants and attached to the Pre-Trial Agreement.
5. Ten exhibits attached to the parties' Pre-Trial Agreement, consisting of Industrial Commission forms, records from defendant-employer, plaintiff's recorded statement, plaintiff's interrogatory answers and plaintiff's medical records, are admitted into evidence.
6. A set of documents relating to short term disability benefits received by plaintiff from a fund to which he contributed twenty-five percent of the premium is admitted into evidence.
7. A one-page medical record from Dr. Hurley received from plaintiff's counsel on 29 May 1998 is admitted into evidence.
8. Four pages of medical records received from plaintiff's counsel on 3 April 1998 are admitted into evidence.
9. A set of documents setting forth the wages plaintiff earned in his employment with Pinkerton Security and Griffith Security, prior and subsequent to his alleged injury, is admitted into evidence.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff began working for defendant-employer on 13 July 1992. During his employment with defendant-employer, plaintiff also worked thirty-two hours per week as a security guard for Pinkerton Security Service.
2. Plaintiff testified that on 18 August 1997, at 2:40 p.m., he was working in the "spring up" department and that he felt pain in his shoulder when he lifted a sofa frame to place it into a buggy. Lifting sofa and chair frames was part of plaintiff's normal work routine. During his initial description of the onset of his shoulder pain, plaintiff did not describe any unusual occurrence that preceded or coincided with the onset of his shoulder pain. However, after additional inquiry on direct examination, he testified when he was lifting the chair into the buggy his foot slipped on a waxy area on the concrete floor, causing him to lose his balance.
3. Plaintiff's wife initially testified that plaintiff telephoned her on 18 August 1997 and stated that he had injured his shoulder while lifting a chair. After additional direct examination, this witness testified that plaintiff mentioned his foot slipping at the time he began having shoulder pain.
4. Plaintiff and his wife denied that plaintiff ever experienced or complained of experiencing shoulder pain prior to the lifting incident described by plaintiff.
5. Mr. Loman, plaintiff's friend and co-worker, testified that prior to beginning work on Monday, 18 August 1997, plaintiff spoke to him and informed him that his shoulder was hurting. He further testified that plaintiff spoke to him again later in the day and told him that he had aggravated his shoulder pain while lifting a furniture frame. Plaintiff did not tell Mr. Loman that he slipped when his shoulder pain was aggravated.
6. Plaintiff reported to co-worker Carolyn Aldridge that he was experiencing shoulder pain on 18 August 1997. He did not state that he injured his shoulder as a result of any specific incident. On the same date, plaintiff reported to his supervisor, Mr. Sailor, that he injured his shoulder while lifting a chair into a buggy. He did not state that he slipped and lost his balance while lifting the chair. However, prior to beginning work on 18 August 1997, plaintiff informed Mr. Sailor that he was experiencing difficulty with his shoulder that might require him to leave work early.
7. Plaintiff presented to Dr. Gold on 19 August 1997. Plaintiff's medical records from Dr. Gold indicate that plaintiff reported injuring his shoulder while lifting a chair. Dr. Gold's records do not indicate that he slipped while lifting the chair.
8. Dr. Gold referred plaintiff to Dr. Hurley, to whom he presented on 25 August 1997. The medical record from that date reflects that plaintiff reported injuring his shoulder while lifting a chair. Dr. Hurley's records do not indicate that plaintiff reported slipping at the time of his injury. Dr. Hurley prescribed physical therapy, followed by an MRI to rule out a rotator cuff tear. The records from plaintiff's physical therapist indicate that plaintiff reported injuring his shoulder while lifting a heavy object at work. The records do not indicate that plaintiff reported his injury occurring when his foot slipped.
9. Plaintiff testified that he informed Dr. Gold, Dr. Hurley and his physical therapist that his injury occurred when he slipped while lifting furniture.
10. On 2 October 1997, plaintiff presented to Dr. Liljeberg. On that date, plaintiff reported that he injured his shoulder when he slipped while lifting a chair. Plaintiff had shoulder pain and limited range of motion. These symptoms were caused by a left rotator cuff tear. On 31 October 1997, Dr. Liljeberg performed rotator cuff tear repair surgery.
11. A person can sustain a rotator cuff tear simply by lifting, without slipping or losing balance while lifting. Such a tear is more likely to occur in a person of plaintiff's age whose rotator cuff tendons are degenerated.
12. Having heard the testimony of plaintiff and his wife, observed their demeanor and compared their testimony to the testimony of the other lay witnesses, Dr. Liljeberg and plaintiff's medical records, Deputy Commissioner Hedrick did not accept as credible the testimony of plaintiff and his wife that his injury occurred when he slipped on wax while lifting a sofa frame. The undersigned adopt the credibility determination of Deputy Commissioner Hedrick.
13. Plaintiff's rotator cuff tear was caused by lifting a sofa frame into a buggy. Plaintiff lifted the frame in his usual manner. Nothing unusual or unexpected occurred when he lifted the frame. Lifting sofa frames was part of plaintiff's normal work routine.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant on 18 August 1997. G.S. § 97-2(6). The Workers' Compensation Act does not provide compensation for all injuries, only for injuries by accident. O'Mary v. Land Clearing Corp., 261 N.C. 508,135 S.E.2d 193 (1964). The mere fact of injury does not of itself establish the fact of an accident. Bigelow v. Tire Sales Co.,12 N.C. App. 220, 182 S.E.2d 856 (1971). The accident must be a separate event, which precedes and causes the injury. Davis v.Raleigh Rental Center, 58 N.C. App. 113, 292 S.E.2d 763 (1982). An "accident" within the meaning of the Act is an unusual and unexpected or fortuitous occurrence. Smith v. Cabarrus CreameryCo., 217 N.C. 468, 8 S.E.2d 231 (1940). An injury which results from the performance of the employee's usual work routine in the customary manner is not compensable. Id. Plaintiff's rotator cuff tear on 18 August 1997 occurred while he was performing his regular work duties in his usual and customary manner.
2. The relief provided for a hernia under N.C. Gen. Stat. §97-2(18) is not applicable in this case. Taber's CyclopedicMedical Dictionary 889 (18th ed. 1997) provides the following medical definition of a hernia: "the protrusion or projection of an organ or a part of an organ through the wall of the cavity that normally contains it." None of the specific types of hernias listed in Taber's involve the shoulder or arm, and the nature of a rotator cuff injury does not comport with the definition of a hernia. Therefore, plaintiff's rotator cuff injury is not of the type contemplated by the plain language of the statute.
3. Plaintiff is not entitled to compensation under the North Carolina Workers' Compensation Act.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
***********
This the ___ day of October, 1999.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER