Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The date of the alleged injury which is the subject of this claim is October 15, 1997.
2. On October 15, 1997, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On October 15, 1997, an employer-employee relationship existed between plaintiff and defendant-employer.
4. On October 15, 1997, defendant-employer employed three or more employees.
5. On October 15, 1997, the carrier of workers' compensation insurance in North Carolina for defendant-employer was EBI Companies.
6. Plaintiff's average weekly wage will be determined by a Form 22 Wage Statement.
7. Plaintiff was out of work from October 21, 1997 until November 30, 1997 and from December 29, 1997 until April 30, 1998.
8. The parties stipulated into evidence as Stipulated Exhibit 1, without need for further authentication or verification, medical records from the following:
— Carolina Bone Joint, nine pages, and
 — Medical records from Charlotte Orthopedic Specialists, fifteen pages.
9. The parties stipulated into evidence as Stipulated Exhibit 2, without need for further authentication or verification, records regarding short-term and long-term disability benefits paid to plaintiff.
***********
Based upon the competent evidence of record herein, the Full Commission adopts the Findings of Fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a 45-year-old male, born September 11, 1952. Plaintiff graduated from high school and has been a short-haul truck driver since that time. In March 1995, defendant-employer hired plaintiff as a truck driver. Plaintiff continued to be employed by defendant-employer at the time of the hearing before the deputy commissioner.
2. On October 15, 1997, plaintiff was transporting a load of pallets. Plaintiff regularly used a two and one-half (2+) foot iron rod as a ratchet when tying or loosening the straps which secured his load. On October 15, 1997, as plaintiff was putting pressure on this bar with his right hand and loosening with his left hand as was his usual custom, he felt a stinging on the inside of his right wrist at the base of his hand. Plaintiff continued to work, but his hand became numb and remained that way until he later had surgery.
3. Plaintiff reported the incident to his safety director and finished the rest of his day's work. Thereafter, he was sent to the company doctor, Dr. Gary Henry. Plaintiff was instructed to work the next day, but his hand continued to hurt. He was referred to Carolina Bone Joint in Monroe. Plaintiff was prescribed Duract and sent home. Over the weekend plaintiff's fingers turned blue, and plaintiff was subsequently referred to Charlotte Orthopedic Specialists.
4. Plaintiff was seen by Dr. John Gaul at Charlotte Orthopedic Specialists where he presented with ulnar artery thrombosis. On October 22, 1997, plaintiff underwent a thrombectomy and arterial repair of the right ring finger. Due to his ulnar artery thrombosis and the subsequent surgery, plaintiff was unable to work from October 21, 1997 until November 30, 1997.
5. Plaintiff returned to work on December 1, 1997 at his regular job duties. On December 29, 1997 plaintiff suffered another blockage of the artery, and he was seen by Dr. Paul C. Perlik on that date.
6. On January 29, 1998, plaintiff underwent a second surgery on his ring finger to his thrombosed artery and did not return to work until April 30, 1998.
7. On April 30, 1998, plaintiff returned to his regular job earning the same or greater wages than he was earning on October 15, 1997.
8. On October 15, 1997, plaintiff felt a sharp pain in his right wrist as he used a metal bar as a ratchet with his right hand so that he could loosen the straps securing his load with his left hand. At that time, plaintiff was performing his regular job duties in a way that he had regularly, usually and customarily performed them. The securing and loosening of loads with metal straps using the two and half (2 1/2) foot metal bar as a ratchet was an activity that was part of plaintiff's regular job duties and was not an unlooked for or untoward event or circumstance.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On October 15, 1997, plaintiff did not sustain an injury by accident. N.C. Gen. Stat. § 97-2(6).
2. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an "accident". N.C. Gen. Stat. § 97-2(6).
3. An "accident" must involve more than merely carrying on a job in the usual way, but rather must involve an interruption of the work routine and the introduction of unusual conditions likely to result in unexpected consequences. Harding v.Thomas Howard Company, 256 N.C. 427, 124 S.E.2d 109
(1963).
4. On October 15, 1997, plaintiff sustained an injury arising out of and in the course of his employment; however, the same injury was not the result an accident as contemplated by the North Carolina Workers' Compensation Act. Absent an accident, the North Carolina Workers' Compensation Act does not provide compensation for injury. In order to have a compensable accident in cases not involving back injuries or hernias, there must be an interruption of the normal work routine and the introduction of unusual conditions likely to result in unexpected consequences.Garmon v. Tridair Industries, 14 N.C. App. 574,188 S.E.2d 523 (1972). On October 15, 1997, there was no interruption of plaintiff's normal work routine, nor was there the introduction of unusual conditions likely to result in unexpected consequences. "Injury" and "accident" do not mean the same thing, and an injury does not occur by accident if the employee, at the time, as in the instant case, was merely carrying out his usual and customary duties in the usual way. Russell v. Yarns,18 N.C. App. 249, 196 S.E.2d 571 (1973).
5. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 et seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is therefore, DENIED.
2. Each side shall bear its own costs.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, Jr. CHAIRMAN
Chairman Bunn participated in, concurred in and signed Opinion prior to the date of his retirement.
DISSENTING:
S/_____________ THOMAS J. BOLCH COMMISSIONER