HELEN H. BEAMON, Employee, Plaintiff v. STOP AND SHOP GROCERY, Employer and NATIONWIDE MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. 7519IC651

(Filed 19 November 1975)

1. **Master and Servant § 55— workmen's compensation — compensable injury**

    An injury to be compensable under the Workmen's Compensation Act must result from an accident, which is to be considered as a separate event preceding and causing the injury, and the mere fact of injury does not of itself establish the fact of accident.

2. **Master and Servant § 65— workmen's compensation — hernia or back injury — accident**

    A hernia or back injury suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way.

3. **Master and Servant § 65— workmen's compensation — grocery store checker — injury while lifting charcoal — no accident**

    A checker-clerk in a grocery store did not sustain an injury by "accident" arising out of and in the course of her employment when she picked up a 20 pound bag of charcoal from a grocery cart which a customer brought to her checkout stand and experienced pain in her lower back and hips where there was nothing unusual about the way plaintiff handled the bag of charcoal and nothing happened in the usual sense of an accident.

APPEAL by defendant from order of North Carolina Industrial Commission entered 1 May 1975. Heard in the Court of Appeals 10 November 1975.

This is a claim for benefits under the Workmen's Compensation Act for injuries suffered by plaintiff while in the employ of the defendant, Stop and Shop Grocery. The sole question is whether the injuries resulted from an accident within the meaning of the Act.

Plaintiff was employed as a checker-clerk whose duties included checking and bagging groceries. While so employed on the afternoon of 30 June 1973, she picked up a 20 pound bag of charcoal from the bottom of a grocery buggy which a customer brought to her checkout stand. When she did so, "something pulled in (her) back." She experienced pain in her lower back and hips. On 6 July 1973 she consulted Dr. Sellers, an orthopedic surgeon, who advised bedrest and medication. Dr.

Beamon v. Grocery

Sellers diagnosed her condition as acute lumbosacral strain and felt she could return to work on 16 August 1973.

The Deputy Commissioner entered an order finding facts and concluding that plaintiff did not sustain an injury by accident arising out of and in the course of her employment within the meaning of the Workmen's Compensation Act.

On appeal, the full Commission made new findings of fact, including the following:

> "3. Plaintiff had done this work for about fifteen years and was doing her regular duties which included handling all kinds of groceries including ten pound bags of potatoes, cartons of Cokes, etc. There was nothing unusual about the way plaintiff handled the bag of charcoal and nothing happened in the usual sense of an accident. The pain in her back was the only difference and she does not know what caused it to hurt, really, which is what she stated, other than that she did not usually lift bags of charcoal."

The full Commission adopted the conclusion of law and award of the Deputy Commissioner and denied plaintiff's claim. Plaintiff appealed.

*Davis, Koontz & Horton by Clarence E. Koontz, Jr., for plaintiff appellant.*

*Hedrick, McKnight, Parham, Helms, Kellum & Feerick by Philip R. Hedrick for defendant appellees.*

PARKER, Judge.

The findings of fact made by the Industrial Commission are supported by competent evidence. They are, therefore, conclusive on this appeal. *Jackson v. Highway Commission*, 272 N.C. 697, 158 S.E. 2d 865 (1968). The only question presented is whether the findings of fact support the Commission's conclusion of law that plaintiff did not sustain an injury by accident arising out of and in the course of her employment within the meaning of the Workmen's Compensation Act.

[1, 2] An injury to be compensable under our Workmen's Compensation Act, G.S. 97-1 *et seq.*, must result from an accident, which is to be considered as a separate event preceding and causing the injury, and the mere fact of injury does not of itself establish the fact of accident. *Jackson v. Highway*

In re Green

*Commission, supra; Lawrence v. Mill,* 265 N.C. 329, 144 S.E. 2d 3 (1965). The words "injury" and "accident," as used in the Act, are not synonomous. *Rhinehart v. Market,* 271 N.C. 586, 157 S.E. 2d 1 (1967). "Thus, an accident has occurred only where there has been an interruption of the usual work routine or the introduction of some new circumstance not a part of the usual work routine. A hernia or back injury suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way. (Citation omitted.) Injury arising out of lifting objects in the ordinary course of an employee's business is not caused by accident where such activity is performed in the ordinary manner, free from confining or otherwise exceptional conditions and surroundings." *Russell v. Yarns, Inc.* 18, N.C. App. 249, 250, 196 S.E. 2d 571, 572 (1973).

Plaintiff cites and relies on *Smith v. Creamery Co.,* 217 N.C. 468, 8 S.E. 2d 231 (1940). The opinion in that case must be read in the light of what was said in *Hensley v. Co-operative,* 246 N.C. 274, 98 S.E. 2d 289 (1957). See *Gray v. Storage, Inc.,* 10 N.C. App. 668, 179 S.E. 2d 883 (1971).

[3] Here, the Industrial Commission has found on competent evidence that "[t]here was nothing unusual about the way plaintiff handled the bag of charcoal and nothing happened in the usual sense of an accident." This finding supports the Commission's conclusion that plaintiff did not sustain an injury by accident within the meaning of the Act.

Affirmed.

Judges MORRIS and MARTIN concur.