GARNETT FRANK CURTIS, EMPLOYEE, PLAINTIFF v. CAROLINA MECHANICAL SYSTEMS, INC., EMPLOYER; NATIONAL SURETY INSURANCE CO. (FIREMAN'S FUND) CARRIER; DEFENDANTS

No. 7727IC385

(Filed 6 June 1978)

**Master and Servant § 65.1— workmen's compensation—hernia—absence of accident**

A hernia suffered by an employee when he lifted a heat pump to place it on a hand truck in order to move it to the place it was to be installed did not result from an "accident" within the purview of the Workmen's Compensation Act where the employee received the injury while carrying out his usual and customary duties in the usual way.

APPEAL by plaintiff-employee from the Industrial Commission. Order entered 10 February 1977 by the Full Commission. Heard in the Court of Appeals 27 February 1978.

Claimant was one of a three-man crew engaged in installing heat pumps while on a construction job for his employer, Carolina Mechanical Systems, Inc., at a junior high school. Plaintiff was the foreman. He filed a claim with the Industrial Commission in which he stated that he "hurt my left lower abdomen, while lifting equipment, in order to move with hand trucks." After a hearing and award before a deputy commissioner, the Commission revised that order and entered its opinion and award in which facts were found, in material part, as follows:

"5. On or about May 13 or 14, 1976, plaintiff along with two other men in his supervision, went to Crest Junior High School in Cleveland County to install heating and air conditioning in the new project. One of the men in the crew was a

welder and the other was a pipe fitter and they were working in the boiler room.

6. Plaintiff was working with heat pump units, 61 in number, which were of three different sizes ranging from 200 to 350 pounds. His routine was to pick them up by the end and set them up in order to get a hand truck under the end to get them through the door into each room where they were to be installed. On that particular day plaintiff picked up one of the larger units with an estimated weight of 350 pounds. When he picked it up he felt a pain and later during the same day had a swelling in his lower left side.

7. Plaintiff had, back in February of 1976, felt a very slight pain in that same area. He had had no swelling, however, and the pain had gone away shortly after its occurrence and the problem had entirely cleared up prior to May, 1976.

8. Plaintiff went to Dr. Banks Cates in Charlotte on May 17, 1976. He was examined and referred to a surgeon, Dr. Jett in Charlotte.

He was hospitalized by Dr. Jett on July 1 and had surgery on July 2. This hospitalization for repair of the hernia was delayed because plaintiff was unable to get in the hospital sooner. Plaintiff was discharged from the hospital on July 6 or 7, 1976, and remained under Dr. Jett's care for several weeks.

Dr. Jett recommended no work for eight weeks after surgery.

9. Plaintiff went to the company to resume his employment after eight weeks and was advised that no work was available.

10. Plaintiff did sustain an injury at the time complained of but did not sustain an injury *by accident* arising out of and in the course of his employment."

Based on the facts as found, the Commission concluded that claimant was not entitled to benefits under the Workmen's Compensation Act. Claimant appealed.

*Eubanks and Villegas, by Daniel S. Walden, for plaintiff appellant.*

*Hedrick, Parham, Helms, Kellam & Feerick, by Philip R. Hedrick, for defendant appellees.*

VAUGHN, Judge.

In order to recover compensation for the hernia, the claimant-employee must, among other things, prove to the satisfaction of the Industrial Commission that the hernia immediately followed an accident. G.S. 97-2(18)d. An accident has occurred within the meaning of the act only if there has been an interruption of the usual work routine or the introduction of some new circumstance not a part of the usual work routine. A hernia suffered by an employee does not occur by accident if the employee is merely carrying out his usual and customary duties in the usual way. Injury caused by lifting objects in the ordinary course of the employee's duties is not caused by an accident where the lifting is done in the usual manner, free from confusing or otherwise exceptional conditions. *Beamon v. Grocery*, 27 N.C. App. 553, 219 S.E. 2d 508 (1975). The only evidence as to how the injury occurred came from the lips of the claimant who testified:

> "Heat pumps were installed along the wall. There were 61 heat pumps consisting of three different sizes, ranging from 200 to 350 pounds. I had to pick one end up to set it on the other end so a hand truck could be put under that end to move it. I picked one unit up by myself when I felt pain, and later during the day, I had swelling in my left side and I had to lay down and push the swelling back in on my left side where the pain was. The pain and swelling were in the lower left abdomen. No one else in my crew helped me with this. I had never had any swelling on my left side before the date of the accident. I did have pain there before once back in February when we were unloading them off the truck, but that just occurred that day."

The foregoing evidence would not have permitted the Commission to find that the injury occurred as a result of "interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences." *Harding*

*v. Thomas & Howard Co.*, 256 N.C. 427, 429, 124 S.E. 2d 109, 111 (1962). The Commission, consequently, could not have found that the injury was caused by accident. In fact, claimant seems to concede that there is no evidence in the record as to whether the employee was "merely carrying on the usual and customary duties in the usual way." He, without reference to any authority for doing so, requests that we remand the case to the Industrial Commission for "further testimony." There is no suggestion that there might be "newly discovered" evidence.

The opinion and award of the Industrial Commission is affirmed.

Affirmed.

Chief Judge BROCK and Judge ERWIN concur.