IRISH R. ARTIS, Plaintiff Employee v. N. C. BAPTIST HOSPITALS, INCOR-
PORATED, Employer, ST. PAUL FIRE & MARINE INSURANCE, Carrier
Defendants

No. 7910IC197

(Filed 20 November 1979)

**Master and Servant § 65.2— workmen's compensation—nurse turning patient—
back injury—no accident**

Plaintiff's injury suffered during the course of her employment was not
the result of an accident within the meaning of the Workmen's Compensation
Act where the evidence tended to show that the injury occurred while plaintiff
nurse was helping her co-workers turn an unconscious obese patient in bed,
and that such activity was a normal part of plaintiff's work.

APPEAL by plaintiff from order of North Carolina Industrial
Commission entered 14 November 1978. Heard in the Court of
Appeals on 23 October 1979.

Plaintiff is a nurse employed by defendant Baptist Hospital
in Winston-Salem. On 25 September 1977, while assisting two
other nurses, plaintiff injured her back.

Plaintiff had been called by one of her co-workers to assist
the nurse and one other nurse in turning an unconscious patient
who weighed 300 pounds. Care had to be exercised in turning the
patient as she had just undergone a lumbar puncture. Plaintiff
began lifting the middle portion of the patient, but during the
process felt a catch in her back and could not straighten up.
Subsequently, plaintiff was taken to the emergency room.

On 4 October 1977, plaintiff was examined by Dr. Anthony
Gristina. The doctor diagnosed interscapular myositis and recom-
mended a course of treatment. Between 24 October 1977 and 14
February 1978, plaintiff returned to work on a gradually increas-
ing basis. By 19 April 1978, Dr. Gristina felt that plaintiff was
doing well working four days a week, but that she tended to have
some recurrences on a five day schedule.

In an opinion filed on 14 November 1978, the Industrial Com-
mission adopted the earlier findings of fact and conclusions of law
of Deputy Commissioner Shuping; concluded that plaintiff's in-
jury, although sustained during the normal course of employment,
was not the result of an accident as that term is contemplated by

**Artis v. Hospitals, Inc.**

G.S. 97-2(6); and that, therefore, plaintiff was not entitled to compensation; that plaintiff had reached maximum recovery by 14 February 1978, and had no permanent disability.

Plaintiff appealed.

*W. Warren Sparrow and George A. Bedsworth, for plaintiff appellant.*

*Hutchins, Tyndall, Bell, Davis & Pitt, by Walter W. Pitt, Jr., for defendant appellees.*

HILL, Judge.

The Workmen's Compensation Act does not provide compensation for an injury, but only for an injury suffered by accident. *See* G.S. 97-2(6).

> A . . . back injury suffered by an employee does not arise by accident if the employee at the time was merely carrying out his usual and customary duties in the usual way. (Citation omitted.) Injury arising out of lifting objects in the ordinary course of an employee's business is not caused by accident where such activity is performed in the ordinary manner, free from confining or otherwise exceptional conditions and surroundings. (Citation omitted.) *Russell v. Yarns, Inc.*, 18 N.C. App. 249, 250, 196 S.E. 2d 571 (1973).

Plaintiff asserts that her injury resulted from exceptional circumstances; that the extreme weight of the patient, the patient's condition, the smallness of the room, and the position of the bed and life support equipment all combined to create exceptional surroundings. Furthermore, plaintiff asserts that her normal work routine had been interrupted when she responded to her co-worker's call for assistance.

We find plaintiff's arguments unpersuasive. The patient, although obese, did not present an exceptional condition to plaintiff—she was assisted by two of her co-workers. Turning patients was part of plaintiff's job, and there is no evidence that the hospital room and its condition were any different than plaintiff was used to working in. Plaintiff was not called away from her job, but instead was helping one of her co-workers as would normally be expected.

Several North Carolina cases have dealt with similar circumstances and are controlling here.

In *Garmon v. Tridair Industries, Inc.*, 14 N.C. App. 574, 188 S.E. 2d 523 (1972), claimant's duties included assembling hydraulic pipes and putting them on steel frames. While lifting one of the 150-pound frames over some cables, claimant suffered a back injury. Recovery was denied. The Industrial Commission found that claimant was performing his usual and customary duties at the time of the injury. This Court affirmed.

In *Beamon v. Grocery*, 27 N.C. App. 553, 219 S.E. 2d 508 (1975), claimant was employed as a grocery store checker whose duties included bagging groceries. While lifting a 20-pound bag of charcoal, claimant suffered a back injury. The Commission denied an award of compensation, and the Court upheld the ruling.

In *Curtis v. Mechanical Systems*, 36 N.C. App. 621, 244 S.E. 2d 690 (1978), claimant suffered a hernia while lifting a heat pump onto a hand truck. Claimant was part of a three-man crew employed to install the pumps at a construction site, but in this instance had lifted a 350-pound unit by himself. The Commission ruled that there was no injury by accident and the Court affirmed.

For the reasons stated above, the opinion and award of the Industrial Commission is

Affirmed.

Judges VAUGHN and ERWIN concur.