DONNIE R. DAVIS, EMPLOYEE, PLAINTIFF v. RALEIGH RENTAL CENTER, EM-
PLOYER, NATIONWIDE MUTUAL INSURANCE COMPANY, CARRIER,
DEFENDANTS

No. 8110IC960

(Filed 6 July 1982)

1. **Master and Servant § 96— workers' compensation—competent evidence to support findings**

    In an action for benefits under the Workers' Compensation Act following a back injury in the course of plaintiff's employment with defendant, there was competent evidence to support the Commission's findings (1) that plaintiff was not placed under added stress because a customer, rather than another employee, helped to load a saw, (2) that on many other occasions plaintiff had assisted customers in loading equipment, and (3) that it was not unusual for plaintiff to assist customers in loading equipment.

2. **Master and Servant § 96.5— workers' compensation—findings of Commission not inconsistent with findings adopted from hearing Commissioner's opinion.**

    In a workers' compensation proceeding, the Commission's findings of fact were not inconsistent with the findings it adopted from the hearing commissioner's opinion and award where it found that plaintiff's injury occurred while plaintiff was engaged in his usual work for defendant employer; that plaintiff was not engaged in an unusually strenuous job when his injury occurred; and that plaintiff's injury was not the result of an accident.

3. **Master and Servant § 55.1— workers' compensation—finding that injury not result of accident—supported by evidence**

    In a workers' compensation proceeding, the Commission's findings that plaintiff's injury was not the result of an accident was supported by the evidence where the evidence showed that plaintiff, while helping a customer load a concrete saw into the back of a truck, injured his back; helping customers load merchandise was part of plaintiff's job; plaintiff was "doing [his] usual work in the usual way"; the load was "pretty even" between plaintiff and the customer; and the only difference on this occasion was that plaintiff felt a pain.

APPEAL by plaintiff from the opinion and award of the North Carolina Industrial Commission filed 20 January 1981. Heard in the Court of Appeals 28 April 1982.

Plaintiff initiated this action for benefits under The North Carolina Workers' Compensation Act, after suffering an injury in the course of his employment with the Raleigh Rental Center. Deputy Commissioner Angela R. Bryant found the injury compensable. On appeal by defendants, the full Commission reversed, finding that the injury did not result from an accident.

The evidence at the hearing tended to show the following: For twelve years plaintiff had been employed as a mechanic by Raleigh Rental Center. One of his duties had been to help customers load rented equipment. Customarily, a fellow employee, Jimmy Strickland, would help plaintiff load such equipment.

On or about 19 December 1978, plaintiff was injured while helping a customer load into a truck a floor model concrete saw weighing approximately 100 to 120 pounds. Plaintiff described the injury in the following manner:

> The customer assisted me in loading the saw. Jimmy Strickland gave no help at all, he was standing on the side.
>
> I reached down and picked up the saw and got to the tailgate. When I got to the tailgate my back popped. I first experienced back pain when I was part of the way up. About the time I got to the tailgate.
>
> The customer was some help in loading the saw. He wasn't as much help as Jimmy would have been, but he was help. I continued to work that day.

Subsequently, plaintiff underwent back surgery. At the time of the hearing, plaintiff was taking pain medication and was wearing a sacro-lumbar corset. On cross-examination, plaintiff acknowledged that, on the day of the accident, he was "doing my usual work in the usual way."

The full Commission found that although plaintiff sustained an injury arising out of and in the course of his employment, the injury was not produced by an accident. Consequently, plaintiff's claim was denied, and he appealed.

*Michael R. Birzon for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, by William F. Lipscomb, for defendant appellees.*

MARTIN (Harry C.), Judge.

[1] Plaintiff first argues an absence of competent evidence to support the Commission's findings (1) that plaintiff was not placed under added stress because a customer, rather than Jimmy Strickland, helped to load the saw, (2) that on many other oc-

casions plaintiff had assisted customers in loading equipment, and (3) that it was not unusual for plaintiff to assist customers in loading equipment.

This Court is bound by the general rule that if there is any competent evidence to support a finding of fact of the Industrial Commission, such finding is conclusive on appeal even though there is evidence supporting a contrary finding. *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960). In our opinion, there was competent evidence adduced at the hearing to support the findings about which plaintiff complains. Plaintiff himself testified that the load between him and the customer was "pretty even." Although he testified that the customer wasn't as much help as Jimmy Strickland would have been, he presented no evidence that he was placed under additional stress by the weight of the saw. Plaintiff testified further that it was one of his duties to help customers load and unload equipment. On the day of his injury, plaintiff was doing his "usual work in the usual way."

[2] Plaintiff's second contention is that the Commission made findings of fact inconsistent with the findings it adopted from the hearing commissioner's opinion and award. We find no inconsistencies which would defeat the clear import of the Commission's findings and conclusions or which would cause us to remand the case to it for a revision of its findings. The Commission found that plaintiff's injury occurred while plaintiff was engaged in his usual work for defendant employer; that plaintiff was not engaged in an unusually strenuous job when his injury occurred; and that plaintiff's injury was not the result of an accident.

Under the same argument, plaintiff also contends that the Commission's "mere citation of a case" does not constitute a conclusion of law because the Commission failed to relate the case to the applicable facts and draw the conclusion therefrom. The Commission cited the case of *Artis v. Hospitals, Inc.*, 44 N.C. App. 64, 259 S.E. 2d 789 (1979), to support its conclusion that injury to the body resulting from stress from one's usual work is not compensable. It is implicit from *Artis* that plaintiff was denied benefits because his injury occurred in the normal course of his work.

[3] Next, plaintiff questions whether the Commission properly determined that his injury was not the result of an accident.

Under the workers' compensation act, an injury arising out of and in the course of employment is compensable only if it is caused by an accident. The accident must be a separate event preceding and causing the injury. *Porter v. Shelby Knit, Inc.*, 46 N.C. App. 22, 264 S.E. 2d 360 (1980).

The term "accident," under the Act, has been defined as "an unlooked for and untoward event," and "[a] result produced by a fortuitous cause." *Edwards v. Publishing Co.*, 227 N.C. 184, 186, 41 S.E. 2d 592, 593 (1947). "[U]nusualness and unexpectedness are its essence." *Smith v. Creamery Co.*, 217 N.C. 468, 472, 8 S.E. 2d 231, 233 (1940). To justify an award of compensation, the injury must involve more than the carrying on of usual and customary duties in the usual way. *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962).

The Commission concluded that plaintiff's injury was not the result of an accident. As discussed, there was evidence that plaintiff, while helping a customer load a concrete saw into the back of a truck, injured his back; helping customers load merchandise was part of plaintiff's job; plaintiff "was doing [his] usual work in the usual way"; the load was "pretty even" between plaintiff and the customer; and the only difference on this occasion was that plaintiff felt a pain. Bound as we are to the Commission's findings of fact, when supported by competent evidence, we hold that the Commission's conclusion was correct.

This case is not unlike *Harding, supra.* Plaintiff, a truck driver and grocery deliveryman, slipped an intervertebral disc while lifting a case of groceries. The Supreme Court reversed the award of benefits, noting that in order for an injury to form the basis for compensability, it must involve more than merely carrying on the usual and customary duties in the usual way. An accident involves interruption of the work routine and the introduction of unusual conditions likely to result in unexpected consequences. In the present case, as in *Harding*, there was no interruption of the work routine and there were no unusual conditions likely to result in unexpected consequences.

*Moore v. Sales Co.*, 214 N.C. 424, 199 S.E. 605 (1938), cited by plaintiff, is distinguishable. In that case, plaintiff was injured while he and another man were lifting a four-inch, 400-450 pound steel pipe. The Supreme Court affirmed an award for plaintiff,

finding two factors which interrupted the routine of work and introduced unusual conditions. First, all other employees except plaintiff and another worker had been discharged; plaintiff and the other man were left to do the work alone. Secondly, plaintiff had never handled the type of pipe he was lifting at the time of his injury.

Under the workers' compensation act, plaintiff has the burden of proving that his claim is compensable. *Henry v. Leather Co.*, 231 N.C. 477, 57 S.E. 2d 760 (1950). Plaintiff has failed to prove that his injury resulted from an accident. The Commission's findings are supported by competent evidence and we, therefore, affirm its determination that there was no accident and no compensable claim.

Affirmed.

Chief Judge MORRIS and Judge WEBB concur.