The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Laura K. Mavretic. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Cigna Property and Casualty Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $148.00, yielding a compensation rate of $98.67.
5. Plaintiff's Answers to Interrogatories, which were marked as Stipulated Exhibit 1, were stipulated into evidence.
6. The transcript of plaintiff's recorded statement to the insurance adjuster, marked as Stipulated Exhibit 2, was stipulated into evidence.
7. A record of the temperature on August 16, 1993, from Southeastern Climate Control, marked as Stipulated Exhibit 3, was stipulated into evidence.
8. Plaintiff's medical records were stipulated into evidence.
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the deposition of Dr. James Bryant are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, the plaintiff was 37 years old. He worked as a temporary laborer for defendant-employer and had been assigned to East Industries on August 10, 1993, as a clean-up man outside the plant facility.
2. On August 16, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer while he was operating a weed eater outside the East Industries Facility. The weed eater was malfunctioning, causing plaintiff to have to pull on the ignition rope repeatedly. The temperature mid-day on August 16, 1993, was approximately 91 degrees. Plaintiff became extremely hot and fell unconscious on the cement, fracturing his left elbow.
3. Plaintiff was taken by ambulance to Community Hospital where he was treated and released. On August 27, 1993, Dr. E. O. Marsigli, an orthopaedic surgeon, performed an open reduction and internal fixation of his left elbow, using compression screws, pins and a wire technique to obtain early motion.
4. Plaintiff was released to return to full duty as of October 15, 1993. Since the wires in plaintiff's elbow have not been removed due to plaintiff's financial situation, there has been no permanent partial disability rating assigned to his left elbow.
5. As of the date of the hearing, plaintiff had not returned to work and had not looked for work since August 16, 1993. Plaintiff failed to engage in reasonable efforts after October 15, 1993, to locate and secure employment which he was capable of performing.
6. Plaintiff has a history of alcoholism and seizure disorder. The medical records indicate that he was hospitalized for seizures in 1986, 1987 and 1991. Although plaintiff had been given prescription medications for the seizures, he was not taking these medications at the time of the incident. There is insufficient medical evidence of record from which to prove by its greater weight that plaintiff's consumption of alcohol or failure to take his prescription medication caused the seizure and resulting elbow injury on August 16, 1993.
7. The amount of exertion required by plaintiff due to the malfunctioning weed eater, particularly in light of the high temperature in the middle of the day on August 16, 1993, constituted an interruption of plaintiff's normal work routine and was an introduction of unusual circumstances likely to result in unexpected consequences.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On August 16, 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6); Davis v. Raleigh Rentals Center,58 N.C. App. 113, 292 S.E.2d 763(1982).
2. As a result of the compensable injury by accident, plaintiff was disabled from work and is entitled to receive compensation for temporary total disability at the rate of $98.67 per week for the period from August 17, 1993 through October 15, 1993. On and after October 15, 1993, plaintiff failed to engage in reasonable efforts to locate employment which he was capable of performing. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of his compensable injury on August 16, 1993, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25 (before amendment).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $98.67 per week for the period from August 17, 1993 through October 15, 1993. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee hereinafter approved.
2. Defendant-employer shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his compensable injury on August 16, 1993, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted to defendant-employer.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff in Paragraph 1 of this Award is approved for plaintiff's counsel and shall be deducted from the lump-sum due plaintiff and paid directly to his counsel.
4. Defendant-employer shall pay the costs.
FOR THE FULL COMMISSION
 S/ ________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 8/30/95