The undersigned have reviewed the award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. Plaintiff has made a motion for a new hearing and to accept additional evidence into the record at this time. Pursuant to Rule 701 of the North Carolina Workers' Compensation Rules, in the discretion of the undersigned, plaintiff's motion is HEREBY DENIED on the grounds that no newly discovered evidence is being asserted pursuant to Rule 60 of the Rules of Civil Procedure. The Full Commission have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing, as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer Rex Healthcare is self-insured with Allied Claims Administration as the servicing agent.
4. The date of the asserted injury is August 14, 1995.
5. Plaintiff has lost no time from work as a result of her asserted incident.
6. A set of bound and indexed medical records was stipulated into evidence.
7. The issue for resolution is whether plaintiff sustained an injury by accident on August 14, 1995.
 ***********
Based upon all of the competent, credible, and convincing evidence of record and reasonable inferences drawn therefrom, the undersigned make the following additional
 FINDINGS OF FACT
1. Plaintiff is a 38 year old female registered nurse who has worked for defendant-employer, Rex Hospital, since July, 1994.
2. On August 14, 1995, plaintiff was working as a float nurse on the oncology floor of Rex Hospital. She was assisting an elderly female patient from the bed to the bathroom. The elderly woman held plaintiff's right arm between plaintiff's elbow and wrist for support.
3. According to plaintiff, it was a normal part of her duties to assist patients from the bed to the bathroom by having them hold her arm in the manner described. It was a common occurrence on the oncology floor. She performed the escort duty approximately five times per day.
4. Patients occasionally placed their full weight upon the nurse for support. In her contentions, plaintiff asserted that the placement of full weight upon her was an unexpected event. However, this assertion is not credible or convincing since in statements to physicians and at the initial hearing, the plaintiff emphasized that the incident of August 14, 1995, was not extraordinary, unexpected or unusual in any way and that, in effect, it was usual and ordinary to have patients place their whole weight upon her.
5. Plaintiff did not immediately experience an onset of pain in her arm. Rather, on her way home from work at the end of her shift, approximately three hours after the asserted incident, she began feeling pain in her right arm. She related the pain to her assistance of the elderly patient.
6. In her variance report filed with defendant-employer on August 16, 1995, plaintiff indicated that she had injured her right shoulder by holding a patient up to walk while assisting the patient out of bed to go to the bathroom.
7. Plaintiff presented to Rex Hospital family practitioner Dr. Hammer on August 17, 1995. Dr. Hammer diagnosed plaintiff with shoulder strain and recommended physical therapy with follow-up in three weeks. Plaintiff completed her physical therapy sessions. At the end of the physical therapy sessions, the therapy goals had been met. Plaintiff was released from Dr. Hammer's care without restrictions on October 5, 1995.
8. On February 6, 1997, plaintiff filled out a second variance report indicating, "reoccurrence of right shoulder pain." Plaintiff did not describe a second work injury as the cause of her pain.
9. Beginning on March 10, 1997, the plaintiff treated with Dr. Daniel Albright with complaints of pain in her right shoulder. Dr. Albright's notes indicate plaintiff's pain increased after lifting patients. He also noted that plaintiff was doing a lot of yard work and housecleaning at that time.
10. At the initial hearing, plaintiff agreed that she is a very active person and was engaged in these activities.
11. In August 1997, plaintiff treated with Dr. Calloway and was diagnosed with a resolved rotator cuff tendonitis.
12. In 1996 and 1997, plaintiff treated with Drs. Albright and Bullard. In addition to some complaints of shoulder pain, plaintiff complained of right finger tingling and numbness and carpal tunnel-like symptoms.
13. Finally, plaintiff's treating physicians have confirmed that her right hand numbness and tingling, as well as any carpal tunnel syndrome, are related to a congenital spinal defect and not to any asserted shoulder injury.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. In order to be compensable under the Act, an injury must result from an "accident". Beamon v. Stop ShopGrocery, 27 N.C. App. 553, 219 S.E.2d 508 (1975). "Unusualness and unexpectedness are the essence of an accident."Davis v. Raleigh Rental Center, 58 N.C. App. 113,292 S.E.2d 763 (1982). An accident must involve more than the carrying on of the usual and customary duties in the usual way.Id. Injuries which are the natural result of employment are not compensable. Smith v. Cabarrus Creamery Co.,217 N.C. 468, 8 S.E.2d 231 (1940). It is plaintiff's burden to prove that she sustained an injury by accident. See Harveyv. Raleigh Police Dep't, 96 N.C. App. 28, 384 S.E.2d 549,cert. denied, 326 N.C. 706, 388 S.E.2d 454 (1989).
2. In the plaintiff's case, nothing unusual happened when the patient used plaintiff's arm for support. It was part of plaintiff's usual and typical duties, especially on the oncology floor, to help provide support for elderly patients. She had done so in the appropriate manner, and patients occasionally rested their entire weight upon her arm.
3. Ms. Susan White, plaintiff's supervisor at the time of her asserted injury, could not remember plaintiff's exact description of the August 14, 1995, incident. However according to Ms. White, it was a normal part of plaintiff's job as a nurse to help patients out of their beds. Patients often placed their whole weight on a nurse for support.
4. Plaintiff did not prove by a preponderance of the competent, credible evidence of record that she sustained an injury by accident on August 14, 1995.
 ORDER
1. Plaintiff did not sustain an injury by accident, and thus her claim for benefits under the Workers' Compensation Act must be and is HEREBY DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket
This the ___ day of _________, 1999.
 S/_________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/______________________ THOMAS J. BOLCH COMMISSIONER