The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pfeiffer and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. The parties agreed that the alleged injury by accident sustained by plaintiff occurred on 9 May 1998.
2. On the date of the injury giving rise to this claim, an employment relationship existed between plaintiff and defendant-employer.
3. On the date of the injury giving rise to this claim, Travelers Insurance Company was the carrier on the risk for workers compensation purposes.
4. On the date of the injury by accident giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
5. Stipulated into evidence in this matter were stipulated exhibits one through three: stipulated exhibit one is a packet of medical records and medical bills; stipulated exhibit two is plaintiffs W-2 statement; and stipulated exhibit three is a wage verification form from the Department of Social Services. Also made a part of the record in this case were the medical records submitted by Dr. Currin and the letter by Dr. Smid. In addition, the plaintiff introduced and the undersigned admitted into evidence in this matter a letter from defendant-employer dated 28 March 1996. Plaintiff also introduced and the undersigned admitted plaintiffs exhibit two, a medical note from Dr. Currin dated 25 August 1998. Finally, defendants introduced and the Deputy Commissioner admitted into evidence in this matter plaintiffs time sheets for late-April through June 1998. At the hearing before the Deputy Commissioner, plaintiff requested that his x-rays be made a part of the record in this matter. However, the Deputy Commissioner declined to admit these records into the evidence, as a deputy commissioner and likewise a Commissioner is not qualified as a medical expert, and is therefore not competent to read, interpret, or otherwise evaluate such medical records.
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner in this matter, plaintiff was forty-five years old, married, and living in Laurinburg. Plaintiff has a high school diploma, and has obtained additional education through correspondence courses, home studies courses, and at Harbarger Business School. Plaintiff is right-hand dominant.
2. Plaintiff began working for defendant-employer in 1995. Plaintiffs uncle was employed by defendant-employer, and plaintiffs uncle needed assistance. Therefore, plaintiff was hired by defendant-employer to do maintenance work, as well as general cleaning, and moving furniture. Plaintiff earned $5.21 per week at this job, working about twenty-five hours per week.
3. On the date in question, plaintiff, as part of his normal job duties, was moving tables and chairs in the fellowship hall. Plaintiff was working alone on that occasion. While moving a table, plaintiff lifted the table in an uncomfortable position, and he felt immediate pain in his right arm and shoulder. It was a regular part of plaintiffs job to move furniture, and there was nothing unusual about the way he lifted the table on this date except that he felt pain in his arm when doing so.
4. While the parties stipulated that the alleged injury by accident occurred on 9 May 1998, and plaintiffs testimony was that it occurred on 9 May 1998, it appears that the incident actually occurred on 7 May 1998. Plaintiffs time sheets show that plaintiff did not work on 9 May 1998, and plaintiff testified that he was seen by the doctor the day following the incident. In fact, there is a medical note from Dr. Currin dated 8 May 1998.
5. Plaintiff reported to Dr. Currin, his family physician, the day following the incident, on 8 May 1998. However, Dr. Currins notes have not been transcribed and are almost completely illegible. By note dated 25 August 1998, Dr. Currin indicated that he had treated plaintiff for right shoulder strain since the incident at work in May 1998. The medical notes provided appear to show that plaintiff saw Dr. Currin on 27 July 1998 and 7 August 1998. Dr. Currin gave plaintiff a cortisone injection in the right shoulder on 7 August 1998, ordered a right shoulder MRI which occurred on 10 August 1998, and referred plaintiff to Dr. Smid for an orthopedic evaluation.
6. The MRI did not reveal a tear of the rotator cuff, as suspected, nor tendinitis. However, the radiologist indicated that a labral injury was possible. Plaintiff then saw Dr. Smid on 8 September 1998, who recommended a course of physical therapy. Plaintiff underwent several weeks of physical therapy in September and October 1998, after which he reported back to Dr. Smid who noted that plaintiff had greatly improved. Plaintiff has not seen Dr. Smid since 13 October 1998.
7. Plaintiff last worked for defendant-employer on 9 June 1998. Plaintiff voluntarily resigned due to the pain in his right shoulder. Plaintiff has not worked for any employer in any capacity since 9 June 1998.
8. Dr. Currin indicated on 5 June 1998 that plaintiff is permanently and totally disabled because of his multiple personality disorder. However, there is no other information or mention of this in the medical records or in plaintiffs testimony. In no way is plaintiffs multiple personality disorder related to the incident of 7 May 1998 in which plaintiff injured his shoulder.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Despite the fact that plaintiff may have strained his shoulder while lifting a table at work on 7 May 1998, plaintiff did not sustain an injury by accident as defined in the North Carolina Workers Compensation Act. Because he was performing his work in his usual and customary manner, and because there was no unlooked for or untoward event, plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course and scope of his employment with defendant-employer. N.C.G.S. § 97-2(6); Davisv. Raleigh Rental Center, 58 N.C. App. 113, 292 S.E.2d 763 (1982).
2. Assuming arguendo that plaintiff had sustained an injury by accident within the meaning of the Act, he has not proven by the greater weight of the evidence that his shoulder injury is the cause of his disability since there is an indication that he has been diagnosed with disabling multiple personality disorder. N.C.G.S. § 97-2(9).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is HEREBY DENIED.
2. Each side shall bear its own costs of this proceeding.
This the ___ day of September 2000.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DCS/bjp