***********
Based upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and the named employer at the time of the incident made subject of this claim.
3. Defendant is self-insured with its claims administered by Key Risk Management Services, Inc.
4. All parties have been correctly designated and there is no question as to joinder or misjoinder of parties.
5. Plaintiff, while working as a development technician, filed this claim for an injury by accident to her right shoulder on July 7, 2002, when she was transferring a patient from a bed to a trolley.
6. The claim was denied July 19, 2002 when defendant filed a Form 61. Defendant denied an accident had occurred and indicated claimant was performing her usual job in the usual manner at the time of the incident.
7. The average weekly wage is to be determined by Form 22.
8. Deputy Commissioner Ledford issued an Order October 30, 2002, continuing this matter from the November 5, 2002 docket in order for plaintiff to obtain counsel. To date, neither the Commission nor defendant has received a notice of appearance from counsel for plaintiff.
9. Plaintiff was diagnosed with right shoulder strain by Dr. Jeffrey Kiefer of Lenoir Memorial Hospital on July 8, 2002. She was subsequently diagnosed at Kasselt Bone Joint Center as having arthritis and shoulder impingement syndrome.
10. The parties stipulated into evidence Stipulated Exhibit #1 consisting of plaintiff's medical records.
11. The issue before the Commission is whether claimant suffered an injury by accident within the meaning of the North Carolina Workers' Compensation Act, and if so, to what benefits is she entitled.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 49 years old and had obtained her GED. Plaintiff holds certificates as a Nurses' Aid I and II and has worked as a nurses' aid in a group home.
2. Plaintiff first began her employment with defendant on March 5, 1997 as a development technician. As a development technician, plaintiff worked with defendant-employer caring for approximately 22 developmentally disabled patients. Her daily duties included bathing, feeding, assisting, and transferring patients. In transferring patients, plaintiff used several methods including pivoting when a patient could stand on his or her own or when a patient was non-ambulatory, plaintiff used either a manual transfer with a bed sheet with one or two other people assisting or a mechanical lift run by batteries. Plaintiff also took patients to doctors' visits and on field trips to the movie theatre and the shopping mall.
3. On July 7, 2002, while working for defendant, plaintiff performed a transfer of a patient with co-workers Jerry Broadhurst and Annette. Annette held the gurney or stretcher steady while plaintiff, who was at the patient's feet, attempted to make the transfer using a sheet with the help of Mr. Broadhurst who was positioned at plaintiff's head. This method is typically employed by plaintiff and her coworkers and plaintiff had in fact moved this patient previously in the same manner. This patient and another similar patient weighed approximately 155 pounds and plaintiff had moved both of them previously. While these patients were among the heavier patients, it was not unusual for plaintiff to move patients of this weight, size and shape. During the transfer, which was performed in the usual manner, plaintiff felt her arm or shoulder "pop". Thereafter, plaintiff worked the rest of her shift and the next day. Plaintiff reported the incident, filled out an incident report and sought medical treatment.
4. As a result of the incident plaintiff was taken out of work for three weeks. However, after two or three days out of work, plaintiff was informed by defendant that her claim was denied. As a result, plaintiff felt she had to return to work and next saw Dr. Cassell to obtain a return to work note. Plaintiff continued to work and was treated conservatively until she ultimately underwent surgery on November 25, 2002. Plaintiff has been out of work since November 11, 2002. Plaintiff has undergone a course of physical therapy and hoped to be able to return to work within 6 to 9 months after her surgery, as predicted by Dr. Hasty. At the time of the hearing before the Deputy Commissioner, plaintiff had a follow-up appointment scheduled with Dr. Hasty on February 10, 2003.
5. Plaintiff gave a recorded statement to the adjuster for the third-party administrator, Stephanie Steed, on July 19, 2002. Plaintiff related all of her work duties as a development technician and gave a statement regarding the July 7, 2002 incident. According to plaintiff's statement, the incident involving her arm and shoulder on July 7, 2002 occurred while she was performing her duties in the normal manner without any unusual circumstances which would constitute an interruption of her normal work routine. Plaintiff stated that she was not having any "problems" with the patient while trying to move him, and that "when we tried to move him, it [right arm or shoulder] just popped." While plaintiff mentioned in her statement that the patient was heavy, she further stated that all of the patients were heavy and that this particular patient was not overweight. In addition, plaintiff's testimony at the hearing before the Deputy Commissioner clarifies that the weight of this patient was not an unusual circumstance constituting an interruption of plaintiff's work routine.
6. Plaintiff moved patients every day as part of her job duties and took care of approximately 22 patients. Furthermore, according to plaintiff, it was normal to move patients in the manner she did on July 7, 2002. Moreover, significantly, plaintiff had in fact moved this particular patient on prior occasions and in the same manner.
7. The Full Commission finds the greater weight of the evidence shows that plaintiff sustained an injury involving her right shoulder and arm on July 7, 2002. However, the incident occurred without an interruption of her normal work routine, without the introduction of unusual circumstances and within the regular scope of plaintiff's duties for defendant.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. For an injury to be compensable under the Workers' Compensation Act, it must be shown to have resulted from an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6); Perry v.Bakeries Co., 262 N.C. 272, 136 S.E.2d 643 (1964). The mere fact of an injury does not of itself establish the fact of an accident. Beamon v.Stop Shop Grocery, 27 N.C. App. 553, 219 S.E.2d 508 (1975).
2. On July 7, 2003 plaintiff was performing her normal job duties in the usual manner at the time she felt pain in her right arm and shoulder and did not suffer an interruption of her work routine through the introduction of unusual circumstances. Therefore, plaintiff has failed to prove a compensable injury by accident within the meaning of the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
3. As plaintiff has failed to prove an injury by accident, she is not entitled to benefits under the Act. N.C. Gen. Stat. §97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the law must be and hereby is DENIED.
2. Each party shall bear its own costs.
This the 6th day of October 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER
LKM/mb