* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act. *Page 2 
2. An employee-employer relationship existed between plaintiff and defendant-employer at the time of the alleged injury.
3. Broadspire was the servicing agent on the risk and coverage was in effect at the time of the alleged injury.
4. Although the parties agreed to stipulate to an average weekly wage post-hearing, they failed to do so. Therefore, the parties are bound by the stipulation, as modified and initialed by them on Stipulated Exhibit 1, and made a part of the record.
5. The parties stipulated into evidence as Stipulated Exhibit 1, Pre-Trial Agreement, as modified and initialed by the parties.
6. The parties stipulated into evidence as Stipulated Exhibit 2, medical records.
7. The parties stipulated into evidence as Stipulated Exhibit 3, Industrial Forms.
8. The parties stipulated into evidence as Stipulated Exhibit 4, discovery documentation.
 * * * * * * * * * * *
Based upon the competent evidence of record, the undersigned make the following:
 FINDINGS OF FACT
1. At the hearing before the Deputy Commissioner, plaintiff testified that on or about March 16, 2005, she filled a mop bucket that had a defective wheel. As a consequence, she emptied the faulty bucket while her supervisor, Ronald Houston went to get another one. According to plaintiff's testimony, it was then that she felt pain in her shoulder.
2. Craig Hess, operations director for defendant-employer and Virginia Melvin, a supervisor over housekeeping for defendant-employer testified at the hearing before the Deputy Commissioner concerning their conversation with plaintiff about how her alleged injury *Page 3 
occurred. They testified that plaintiff told them she felt pain while putting bottles on a shelf. According to their testimony, plaintiff made no mention of a bucket. Both Mr. Hess and Ms. Melvin testified that the manner in which plaintiff described her injury occurring would be considered part of plaintiff's usual work routine.
4. On November 28, 2006, the deposition of A. Keith Sterling, a physician's assistant was taken. A. Keith Sterling was among the first medical care providers to whom plaintiff presented following her alleged work injury. Mr. Sterling examined plaintiff on only one occasion on March 17, 2005 at the Highsmith-Rainey Urgent Care facility. Mr. Sterling testified that he personally took a history from plaintiff in which plaintiff said that on March 16, 2005, she awoke with pain. She also told him that there was pain in her shoulder and neck with quick movement of her right arm. She also complained of pain when she lifted, turned, or bent. Plaintiff denied any trauma to Mr. Sterling. Mr. Sterling testified that he made a diagnosis of an acute muscle strain, cervical strain, and right shoulder strain, released plaintiff from work for two days and referred her for further treatment to her primary care physician. Mr. Sterling also testified that a subsequent diagnosis from other health care providers of degenerative joint disease of the shoulder would result in symptoms similar to those exhibited by plaintiff when she presented to him on March 17, 2005.
5. On December 7, 2006, the deposition of A. Leonard Figueroa, M.D., was taken. Dr. Figueroa is a family practice physician at the Westside Clinic and has seen plaintiff on several occasions. Dr. Figueroa testified that he saw plaintiff on only one occasion in October 2005 that was related to the injuries that she claims occurred at work. At that time, plaintiff complained that she injured her shoulder at work while lifting some bottles containing a cleaning agent. *Page 4 
6. On December 14, 2006, the deposition of James Snead, M.D., was taken. Dr. Snead is the orthopedist to whom plaintiff was referred by Dr. Figueroa. Dr. Snead only examined plaintiff on a few occasions and plaintiff gave no history of a work injury to him. Dr. Snead opined that it was just as likely that plaintiff simply awoke one morning with pain, as plaintiff told Mr. Sterling, as it was that plaintiff injured herself in a mop-bucket incident.
7. The undersigned give little weight to plaintiff's testimony because of the inconsistent statements to her medical care providers and defendant-employer as to how her injury occurred as well as the fact that she did not inform Dr. Snead that her injury was work related.
8. There is insufficient evidence of record to support a finding that plaintiff sustained an injury by accident or specific traumatic incident on March 16, 2005.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the undersigned make the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an "accident." N.C. Gen. Stat. § 97-2(6).
2. An "accident" involves more than merely carrying on the usual and customary duties in the usual way, but rather involves the interruption of the work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas HowardCompany, 256 N.C. 427, 124 S.E.2d 109 (1963); see also Davis v. RaleighRental Center, 58 N.C. App. 113, 292 S.E.2d 763 (1982). *Page 5 
3. Plaintiff failed to carry her burden of proving that she was injured as a result of an injury by accident or a specific traumatic incident arising out of and in the course of her employment. N.C. Gen. Stat. § 97-2(6).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the undersigned enter the following:
 ORDER
1. By law, plaintiff's claim must be and is hereby DENIED.
This the ___ day of December 2007.
S/______________________ PAMELA T. YOUNG CHAIR
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/______________________ DIANNE C. SELLERS COMMISSIONER