***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Houser and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The date of the injury giving rise to this claim is May 21, 2009. *Page 2 
2. Plaintiff's injury on May 21, 2009, occurred within the course and scope of his employment with Defendant.
3. Plaintiff's average weekly wage is $1,131.35 yielding a compensation rate of $754.27.
4. On May 21, 2009, the parties hereto were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
5. On May 21, 2009, an employment relationship existed between Plaintiff-Employee and Defendant-Employer.
6. On May 21, 2009, Defendant-Employer employed three (3) or more employees.
7. On May 21, 2009, Defendant was self insured.
8. The parties submitted the following for entry into the record:
 a. A Pre-Trial Agreement, which was admitted into the record and marked as Stipulated Exhibit (1)
 b. A Packet of Medical Records, which was admitted into the record and marked as Stipulated Exhibit (2);
 c. A Packet of Industrial Commission Forms, which was admitted into the record and marked as Stipulated Exhibit (3);
 d. A Transcript of Plaintiff's Recorded Statement, which was admitted into the record and marked as Stipulated Exhibit (4);
 e. A CD of Plaintiff's Recorded Statement, which was admitted into the record and marked as Stipulated Exhibit (5) and;
 f. A Document Regarding Plaintiff's Time Out of Work, which was admitted into the record and marked as Stipulated Exhibit (6). *Page 3 
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the date of the hearing before the Deputy Commissioner, Plaintiff was forty-three (43) years of age, with his date of birth being May 5, 1966.
2. Prior to May 21, 2009, Plaintiff had worked as a mechanic for thirty (30) years. Plaintiff began working for Defendant-Employer on August 27, 2008, as a master truck mechanic and technician. Plaintiff's position was also known as a heavy truck mechanic. In that capacity, Plaintiff almost exclusively performed "heavy duty" mechanic duties, including working on Defendant-Employer's fire trucks, garbage trucks, and dump trucks.
3. As part of his duties for Defendant, Plaintiff changed radiators, which required repositioning the radiator and then removing it from the truck. Although he worked almost exclusively on Defendant's heavy trucks, prior to May 21, 2009, Plaintiff had changed radiators on garbage and fire trucks on approximately only five occasions, approximately twice on garbage trucks and three times on fire trucks. Radiators on Defendant-Employer's fire trucks weighed four hundred to six hundred (400-600) pounds.
4. Whether a worker would attempt to reposition or remove a radiator alone, or with the assistance of others, would depend on the weight of the radiator. Plaintiff testified that when repositioning a radiator, he was required to bear the entire weight of the radiator for a brief period of time, even though there was a cross member between two frame rails that supported the radiator under normal operating conditions. *Page 4 
5. On May 21, 2009, Plaintiff was attempting to reposition a radiator from a fire/ladder truck in order to attempt to remove it later. As Plaintiff was performing this task, he experienced a popping sensation in his left shoulder and pain that ran down his bicep and back.
6. On May 26, 2009, Plaintiff gave a recorded statement to Defendant. In that document, Plaintiff stated that he was using a typical amount of force to remove the fire truck radiator on May 21, 2009, and that there was not anything unusual about what he was doing on that date.
7. At the hearing, Plaintiff clarified issues raised in his recorded statement and testified that prior to May 21, 2009, he had never before attempted to reposition or remove a four hundred to six hundred (400-600) pound fire truck radiator without the assistance of a co-worker or co-workers.
8. Plaintiff's testimony regarding how he performed his job duties, the frequency with which he had changed radiators in Defendant's fire and garbage trucks prior to May 21, 2009, and the mechanism of his injury, is found to be credible.
9. The circumstances of Plaintiff's injury on May 21, 2009, constituted an interruption of his normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
10. On May 21, 2009, Plaintiff sustained an injury by accident arising out of and in the course of his employment with Defendant-Employer.
11. Following this incident, Plaintiff immediately informed his floor leader, Mr. Jared Starnes, that he had injured his left shoulder. Plaintiff was then transported by Mr. Starnes to Urgent Care where x-rays were taken and medication was prescribed. Additionally, Plaintiff was prescribed a sling for support and released to return to light duty work. *Page 5 
12. After receiving treatment at Urgent Care, Plaintiff returned to his workplace and spoke to Mr. Tim Cass, his supervisor, and was instructed to go home since Defendant-Employer did not have any light duty positions available.
13. Plaintiff then returned to Urgent Care and was referred to an orthopedic surgeon.
14. On May 29, 2009, Plaintiff sought treatment from Dr. Roy A. Majors who recommended an MRI. The results of the MRI revealed that Plaintiff had sustained a partial thickness tear of his left rotator cuff. For this condition, Dr. Majors recommended surgery.
15. On June 9, 2009, Dr. Majors performed an arthroscopic subacromial decompression of Plaintiff's left shoulder, an AC resection on the left side, and a debridement of undersurface of the rotator cuff tear with abrasion chondroplasty. Thereafter, Plaintiff began physical therapy, which had continued through the date of the hearing before the Deputy Commissioner.
16. Based upon the credible vocational and medical evidence of record and as a result of his May 21, 2009, injury by accident and related surgery, Plaintiff was unable to earn wages in his normal position with Defendant-Employer or in any other employment for the period of May 21, 2009, to September 8, 2009, when returned to work at his pre-injury wage level.
17. As of the date of the hearing before the Deputy Commissioner, Plaintiff had not yet reached maximum medical improvement.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 6 
1. An injury must involve more than the carrying on of the usual and customary duties in the usual way to justify an award of compensation. Davis v. Raleigh Rental Center,58 N.C. App. 113, 292 S.E.2d 763 (1982)
2. An accident involves an interruption of the normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. Harding v. Thomas Howard Co.,256 N.C. 427, 124 S.E.2d 109 (1962).
3. On May 21, 2009, Plaintiff sustained an injury by accident arising out of and in the course of his employment with Defendant. N.C. Gen. Stat. § 97-2(6).
4. Based upon the credible vocational and medical evidence of record and as a result of his May 21, 2009, injury by accident and related surgery, Plaintiff is entitled to be paid by Defendant total disability compensation at the rate of $754.27 per week for the period of May 21, 2009, to September 8, 2009. N.C. Gen. Stat. § 97-29; Russell v. Lowe's ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993).
5. As a result of his May 21, 2009, injury by accident and related surgery, Plaintiff is entitled to have Defendant pay for all related medical expenses incurred or to be incurred, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including the expenses associated with the left shoulder surgery performed by Dr. Majors, when bills for the same have been processed pursuant to procedures established by the Industrial Commission. N.C. Gen. Stat. §§ 97-25; 97-25.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD *Page 7 
1. Defendant shall pay to Plaintiff total disability compensation at the rate of $754.27 per week for the period of May 21, 2009, to September 8, 2009. This compensation, having accrued, shall be paid to Plaintiff in a lump sum. This compensation is subject to the attorney's fee approved herein.
2. Defendant shall pay for all related medical expenses incurred or to be incurred by Plaintiff as a result of his May 21, 2009, injury by accident and related surgery, subject to the provisions of N.C. Gen. Stat. § 97-25.1, including the expenses associated with the left shoulder surgery performed by Dr. Majors, when bills for the same have been processed pursuant to procedures established by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded herein is approved for counsel for plaintiff. The compensation having accrued, this fee shall be deducted from the amounts due Plaintiff and paid directly to counsel for Plaintiff.
4. Defendant shall pay the costs.
This the 29th day of June, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1