DONALD SEARSEY (Employee) v. PERRY M. ALEXANDER CONSTRUCTION
CO. (Employer) and AETNA CASUALTY & SURETY CO. (Carrier)

No. 7728IC106

(Filed 17 January 1978)

**Master and Servant § 55.3— workmen's compensation— sudden breakthrough of air hammer and jerking of employee— accident**

>    In an action to recover workmen's compensation benefits for a back injury suffered by plaintiff employee when an air hammer which he was using to break the concrete cap over a well suddenly broke through the concrete and jerked him, the deputy commissioner's finding that it was unusual for an air hammer to break through suddenly and jerk the operator was supported by the evidence and supported her conclusion that plaintiff was injured by an accident, notwithstanding plaintiff may have known of the risks involved in operating the hammer over air.

APPEAL by defendants from Order of North Carolina Industrial Commission entered 18 August 1976. Heard in the Court of Appeals 29 November 1977.

Plaintiff filed a claim with the North Carolina Industrial Commission for compensation for a back injury which arose out of and in the course of his employment on 5 November 1975, while he was using an air hammer (jackhammer) to break the concrete cap over a well. The injury resulted in hospitalization, surgery and temporary total disability.

The case was heard before Deputy Commissioner Denson on 16 April 1976. Plaintiff's evidence tended to show that he was an experienced construction worker who had worked for Alexander Construction Company for about 20 years. Plaintiff testified that the air hammer broke suddenly through the concrete and jerked him; that he had used an air hammer occasionally; that he had several times operated over air; that he knew he was operating over air when he was hurt, breaking out the concrete cover on a well; that he knew "in using the air hammer or pavement breaker, when it breaks through the pavement, then, of course, it is going to drop down, and when it drops down the weight of it gives you a jolt; it will naturally give you a jolt. . . ." He further testified that he knew that air hammers break through suddenly when being operated over air about 90% of the time. Plaintiff's employer testified to the difficulty of operating an air hammer over air; that the hammer weighs 80 pounds; that sudden

breakthrough occurs only five percent of the time when the hammer is operating over cushioning gravel or ground; that plaintiff was an excellent employee who had worked with an air hammer only a very small percentage of the time, but it was a regular part of his duties. He testified further that, while an experienced operator will attempt to pull the hammer back if it starts to break through suddenly to avoid injury, an operator cannot know ahead of time that his hammer is about to break through, and when there is a breakthrough the hammer does not fall but drives itself down.

Deputy Commissioner Denson found that it was unusual, "although not unnatural" for the air hammer to break through suddenly and "jerk the operator," and that the jerk caused plaintiff's injury. She concluded that plaintiff had been injured by an accident arising out of and in the course of his employment and awarded compensation. Defendants appealed to the Full Commission which affirmed the award. Defendants appeal.

*Gudger, McLean, Leake, Talman & Stevenson by A. E. Leake for plaintiff appellee.*

*Uzzell & Dumont by J. William Russell for defendant appellants.*

CLARK, Judge.

Defendants attack the Commissioner's award as invalid because the plaintiff's injury was caused not by an accident but by an expected, foreseen event which was part of plaintiff's usual work. G.S. 97-2(6) of the Workmen's Compensation Act limits compensation to recovery for

> ". . . *injury by accident* arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident." [Emphasis added.]

An "accident" is an unlooked for and untoward event not expected or designed by the employee. *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 124 S.E. 2d 109 (1962). An "accident" is not established by the mere fact of injury but is to be considered as a separate event preceding and causing the injury. *Beamon v. Grocery*, 27 N.C. App. 553, 219 S.E. 2d 508 (1975); *Bigelow v. Tire*

*Sales Co.*, 12 N.C. App. 220, 182 S.E. 2d 856 (1971). No matter how great the injury, if it is caused by an event that involves both an employee's normal work routine and normal working conditions it will not be considered to have been caused by accident. 8 Strong's N.C. Index, 3d ed., Master & Servant, § 55.1, p. 534; *Pardue v. Tire Co.*, 260 N.C. 413, 132 S.E. 2d 747 (1963); *Pulley v. Association*, 30 N.C. App. 94, 226 S.E. 2d 227 (1976). In the case *sub judice*, the Deputy Commissioner found:

> "In the *normal* operation of an air hammer, there is some material under the pavement which is being broken which allows the operator of the air hammer to draw it back slowly. *It is unusual*, in the operation of the air hammer, — although not unnatural— for the air hammer to jerk the operator when it breaks through the pavement." [Emphasis added.]

Her finding that the sudden breakthrough was unusual and not part of plaintiff's normal work routine and normal working conditions was amply supported by the evidence. The employee's use of the air hammer was usual in the sense that he regularly, though not often, used the tool in breaking concrete. Most of the time he used it to break concrete over soil or other supporting material. But at the time of the injury he was engaged in using the air hammer to break a concrete cap, reinforced for strength with steel, over (air) a well, which operation he did rarely. The drill of the hammer is driven downward by compressed air, aided by the weight of the hammer. The rate of penetration by the drill into the reinforced concrete is variable because the reinforcing steel will slow, if not stop temporarily, the penetration. The intermittent driving force of the compressed air gives the hammer a bucking or jerking action. Under these circumstances it was obviously difficult for the employee to determine the moment when the hammer would break through the concrete so that he could protect himself by lifting the hammer to minimize the sudden downward driving force. Under these circumstances, the sudden breakthrough of the air hammer was not expected or designed by the employee.

Defendants further contend that plaintiff's obvious knowledge of the risk involved in operating the hammer over air coupled with his knowledge that he was operating over air when he was hurt defeat his claim. We have stated earlier that an acci-

dent cannot be expected or designed. It is clear that these qualifications operate narrowly to exclude intentional injurious acts. *Petty v. Transport, Inc.*, 276 N.C. 417, 173 S.E. 2d 321 (1970). Knowledge of risk ignored such as constitutes negligence is not grounds for denial of compensation. *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E. 2d 240 (1966). To withhold compensation from a non-negligent employee because he knew the risks of his work, even though that work was unusual to him, would defeat the purpose of Workmen's Compensation. An employee must be compensated for such injury when he is *required* to do a piece of work and has no choice but to do it as best he can. We are mandated to construe the Workmen's Compensation Act as liberally as possible so as not to deny benefits on technical, narrow and strict grounds. *Cates v. Construction Co.*, 267 N.C. 560, 148 S.E. 2d 604 (1966). Plaintiff's knowledge of the risks of operating an air hammer over air did not make his "unusual" task usual; it did not make even a probable injury "expected." The evidence demonstrated that even an experienced operator over air could not know precisely when the hammer would break through.

The Deputy Commissioner's finding that the event of sudden breakthrough which injured the plaintiff was unusual was amply supported by the evidence and justified her conclusion that the event was an accident. The order of the Full Commission adopting the opinion and award of the Deputy Commissioner is

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.