* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter. *Page 2 
2. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. An employment relationship existed between the parties, in which Duke University was the self-insured employer and Johnny Michael Foster was the employee.
4. Plaintiff's average weekly was $796.06, which engenders a compensation rate of $530.74.
5. The following were submitted at the hearing before the Deputy Commissioner as Exhibits:
 a. Stipulated Exhibit Number 1, Pre-Trial Agreement
 b. Stipulated Exhibit Number 2, Medical Records
 c. Stipulated Exhibit Number 3, Form 22 Statement of Days Worked and Earnings of Injured Employee
 d. Stipulated Exhibit Number 4, Report of Work-Related Injury or Illness
 e. Stipulated Exhibit Number 5, Plaintiff's Responses to Defendants' First Set of Interrogatories and Request for Production of Documents
6. Following the hearing before the Deputy Commissioner the deposition of of David A. Thompson, M.D was received into evidence.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 53-year-old general maintenance mechanic with defendant. As a maintenance mechanic, plaintiff's *Page 3 
job duties included performing repairs and preventive maintenance on building systems including plumbing, electrical, heating, air conditioning, carpentry, masonry, paint and glass.
2. Plaintiff worked with several other employees and a supervisor. The employees communicated with each other via two-way radio. Plaintiff used his radio approximately 4 to 5 times daily during his shift.
3. On April 13, 2007, plaintiff was sitting at his desk talking with a co-employee, Perry Hansley. During the conversation, plaintiff leaned forward to grab his two-radio to make a call. Plaintiff normally grabbed his radio straight on. On this date, for an unknown reason, plaintiff reached around the radio to pick it up, allowing his thumb to make contact on the opposite side of the radio from where his thumb usually made contact with the radio. Immediately, plaintiff felt a cramp in his arm and his left thumb was limp.
4. At the time plaintiff grabbed the radio, he was performing his regular work duties. There was no unusual circumstance that led plaintiff to reach for his radio in a manner different from his usual manner.
5. Plaintiff immediately reported the injury to his co-employee and to his supervisor, Chris Brooks. Subsequently, plaintiff and Mr. Brooks completed an incident report.
6. The Monday following the incident, plaintiff sought medical treatment for his left thumb injury. Plaintiff was diagnosed with a ruptured tendon in the left thumb and referred to a hand specialist, Dr. David Thompson.
7. To repair the ruptured tendon, Dr. Thompson performed a surgery where a tendon in plaintiff's left index finger was transferred to the left thumb. After Dr. Thompson left the practice at Duke University, plaintiff's care was transferred to Dr. Scott Levin. *Page 4 
8. On January 2, 2008, Dr. Levin released plaintiff at maximum medical improvement and assigned a 55% permanent partial disability rating to the left thumb and 17% permanent partial disability to the left index finger.
9. As a result of his left thumb injury and subsequent surgery, plaintiff missed two days of work.
10. Dr. Thompson reviewed a DVD of plaintiff demonstrating how he picked up his radio normally and how he picked it up on April 13, 2007 when the tendon in his left thumb ruptured. Dr. Thompson opined that the manner in which plaintiff picked up the radio on April 13, 2007 placed more strain upon the tendon and more likely than not contributed to the rupture of the tendon.
11. On April 13, 2007, plaintiff reached for his radio in an awkward manner, which resulted in the rupture of his left thumb tendon. However, there were no unforeseen circumstances or unusual conditions that led to an interruption of plaintiff's routine thereby causing him to grab the radio in a manner different from his normal manner.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6). Plaintiff has the burden of proving that the injury complained of resulted from an injury by accident arising out of and in the course of the employment.Henry v. A.C. Lawrence Leather Co., 231 N.C. 477, 57 S.E.2d 760 (1950). In order for an injury to be deemed a *Page 5 
compensable injury by accident, it must occur when there is both an interruption of the plaintiff's normal work routine and the interruption must introduce unusual conditions likely to result in unexpected consequences. Poe v. Acme Builders, 69 N.C. App. 147, 316 S.E.2d 338
(1984).
2. An accident is not established by the mere fact of injury but is to be considered as a separate event preceding and causing the injury. No matter how great the injury, if it is caused by an event that involved both an employee's normal work routine and normal working conditions it will not be considered to have been caused by accident. Searsey v. PerryM. Alexander Construction Co., 35 N.C. App. 78, 239 S.E.2d 847. (1978). In the case at hand, there was no unusual circumstance that preceded or caused plaintiff to awkwardly reach for his radio and plaintiff could not provide any explanation for why he chose to grab the radio in a manner different from his normal manner. The injury plaintiff suffered to his thumb was caused by an event that involved both his normal work routine and normal working conditions. Id. As such, plaintiff did not sustain a compensable injury by accident arising out of and in the course and scope of his employment. N.C. Gen. Stat. § 97-2(6).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for benefits is hereby DENIED.
2. Each party shall bear its own costs.
This the 4th day of February 2009.
 S/________________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/________________________ PAMELA T. YOUNG CHAIR