***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties and their representatives. Accordingly, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Rowell and enters the following Opinion and Award.
 ***********
On July 20, 2009, Defendants filed a motion to correct the official transcript of the evidence on Page 11, Line 4 of the official transcript. Plaintiff did not respond to Defendants' motion. Having reviewed the recorded testimony of Plaintiff before the deputy commissioner and in the discretion of the Full Commission, Defendants' motion is hereby granted. Line 4 on *Page 2 
page 11 of the official transcript shall be corrected to read "Extense [sic] throbbing and like pinching in my shoulder."
On August 30, 2009, Plaintiff filed a motion in his brief to the Full Commission to include in the transcript of evidence email correspondence between Attorney Matthew Blake and Cameron Simmons concerning Plaintiff's average weekly wage. In the discretion of the Full Commission, Plaintiff's motion to include the email correspondence in the transcript of the evidence is hereby granted.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are properly before the North Carolina Industrial Commission, which has jurisdiction over the parties and the subject matter.
2. The parties to this action are correctly designated in the caption hereinabove.
3. It is stipulated that this case is subject to the North Carolina Workers' Compensation Act.
4. An employment relationship existed between the employee and the employer on 12 September 2007.
5. The parties are willing to stipulate to all of Plaintiff's medical records, subject to objections on relevance and admissibility. 6. The parties are willing to stipulate to each party's responses to discovery, subject to objections on relevance and admissibility. 7. The parties are willing to stipulate to the pay records relating to Plaintiff's earning *Page 3 
including pay stubs of Plaintiff, the 2007 W2 issued by employer to Plaintiff, net pay report issued by employer and timesheets showing Plaintiff's work with employer.
8. The parties are willing to stipulate to the admissibility and relevance of the recorded statement.
9. The parties stipulated into evidence as Stipulated Exhibit No. 1, Pre-Trial Agreement.
10. The parties stipulated into evidence as Stipulated Exhibit No. 2, the medical records, Industrial Commission Forms, discovery documentation, and recorded statement.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a high school graduate who was 33 years of age at the time of the hearing before the deputy commissioner. Plaintiff's work history includes experience as a forklift operator, as a material handler, performing data entry, and stocking inventory. For the six to seven years preceding his alleged injury, Plaintiff worked as a brick mason.
2. Plaintiff began working for the Defendant-Employer on August 30, 2007. Plaintiff initially alleged that he injured his shoulder on September 13, 2007. Plaintiff alleged that while lifting a block over rebar on September 13, 2007, the block slipped, and he injured his shoulder when he caught the block. After employment records demonstrated that he did not work on September 13, 2007, he amended his claim to reflect an injury date of September 12, 2007.
3. Plaintiff gave a recorded statement regarding the incident. Plaintiff did not think *Page 4 
anything of the incident, it did not bother him at the time and he continued to work. The next morning when Plaintiff awoke he could hardly move his shoulder. Plaintiff stated he had no problems with his shoulder prior to the incident on September 13, 2007.
4. Plaintiff did not report this incident to his supervisor when it occurred. Plaintiff's co-workers did not recall any incident with Plaintiff when this matter was later investigated by Defendant-Employer.
5. Plaintiff's initial medical record is from an emergency room visit to Pender Memorial Hospital on September 14, 2007. Contrary to Plaintiff's claim that his pain began in September 2007, Pender Memorial records indicate that Plaintiff reported that his shoulder had been hurting for "months." The record indicates that Plaintiff injured his arm at home and at work, and the pain was worse since working at a new school laying brick. The record makes no reference to a particular incident at work and Plaintiff was diagnosed with bursitis from overuse of his shoulder. Plaintiff was written out of work for two days. Plaintiff did not relay the details of his alleged accident to emergency room medical personnel on this date but instead, gave them a general description of his job duties.
6. Plaintiff claims that he presented the out of-work note from Friday, September 14, 2007 to his supervisor, Lucian Highsmith, Jr. Plaintiff interpreted the note as keeping him out of work for the following Saturday and Sunday.
7. The first note Mr. Highsmith received from Plaintiff was a light-duty note that Plaintiff brought to him on or about October 12, 2007. By that date, Plaintiff had missed a prolonged period of work. When Plaintiff returned to work after the alleged September 12, 2007 incident, he was able to work full duty for two to three weeks. Plaintiff's full-duty work required him to lay 130-175 masonry blocks per day. These blocks weighed 30 pounds each. *Page 5 
Mr. Highsmith noticed no problems with Plaintiff's work and noted no apparent physical limitations between September 12, 2007 and October 3, 2007. However, Mr. Highsmith faxed the light-duty note to Defendant-Employer's office on October 15, 2007 and assigned Plaintiff the light-duty work of rubbing and pointing. Plaintiff left the job site that same day after approximately 2.5 hours of performing the light-duty work assigned to him.
8. Plaintiff returned to Pender Memorial Hospital on October 4, 2007 and reported that he experienced right shoulder pain after lifting a heavy object at work the previous day. He was diagnosed with a sprain and discharged with a referral to Dr. Messina.
9. Plaintiff initially saw Dr. Messina on October 10, 2007. Plaintiff reported shoulder pain after an incident at work on September 13, 2007 and reported that some of his shoulder discomfort had resolved. Plaintiff stated that he reinjured his arm at work two weeks before seeing Dr. Messina. Dr. Messina placed Plaintiff on light duty.
10. Plaintiff continued treating with Dr. Messina. Dr. Messina ultimately performed surgery on Plaintiff on April 11, 2008. During his treatment, Plaintiff returned to school but did not seek employment. Plaintiff had prior job experience in several fields that did not require heavy lifting. Dr. Messina imposed light-duty job restrictions on Plaintiff until his surgery on April 11, 2008. By May 12, 2008, Dr. Messina permitted Plaintiff to return to work lifting no more than five pounds with his right arm.
11. Dr. Messina opined that the conditions he observed during Plaintiff's shoulder surgery could have resulted from either trauma or normal wear and tear. Dr. Messina noted that Plaintiff had a prominence in the acromion. Depending upon the degree of the prominence, it could predispose a person to having shoulder impingement. Dr. Messina stated that while Plaintiff experienced shoulder pain in September 2007 that improved, he experienced more pain *Page 6 
with a later injury at work. There was no way to determine which of these two incidents caused the conditions he observed during Plaintiff's shoulder surgery.
12. The Full Commission finds that Plaintiff has failed to show by the greater weight of the evidence that he sustained an injury by accident to his right shoulder on September 12, 2007 or that the September 12, 2007 incident caused his shoulder injury.
13. As Plaintiff has failed to establish that he suffered an injury by accident, the Full Commission finds that the issue of Plaintiff's average weekly wage is moot.
14. Defendants' defense of this claim was not unreasonable.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of and in the course of employment. N.C. Gen. Stat. § 97-2(6). Plaintiff has the burden of proving that the injury complained of resulted from an injury by accident arising out of and in the course of the employment. Henry v. A.C. Lawrence Leather Co.,231 N.C. 477, 57 S.E.2d 760 (1950). Plaintiff must show that the incident constituted an interruption of the normal routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences. Adams v. Burlington Industries,Inc., 61 N.C. App. 258, 300 S.E.2d 455 (1983). An accident is an unlooked for and untoward event not expected or designed by the employee. An accident is not established by the mere fact of injury but is to be considered as a separate event preceding and causing the injury. No matter how great the injury, if it is caused by an event that involved both an employee's normal work routine *Page 7 
and normal working conditions it will not be considered to have been caused by accident. Searsey v. Perry M. Alexander ConstructionCo., 35 N.C. App. 78, 239 S.E.2d 847 (1978).
2. Plaintiff failed to prove that he sustained an injury by accident on September 12, 2007. N.C. Gen. Stat. § 97-2(6).
3. The competent medical evidence fails to prove that the incident of September 12, 2007, was the cause of Plaintiff's shoulder injury. N.C. Gen. Stat. § 97-2(6); Young v. Hickory Bus. Furn.,353 N.C. 227, 230, 538 S.E.2d 912, 916 (2000).
4. Defendants did not unreasonably defend this claim. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 22nd day of December 2009.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 8 
 S/___________________ DANNY L. McDONALD COMMISSIONER